## Barbara Lennartz v. Kate F. Quilty et al.

1.  TRUSTEES—*Release by, of Trust Deeds to Secure the Payment of Money.*—A trustee in deeds of trust executed for the purpose of securing the payment of money, has the power to release the lien after the maturity of the debt, so as to revest the title in the grantor, even though he does so without the consent of the *cestui que trust* and in violation of his obligations as trustee.

2.  SAME—*When Subsequent Purchasers Are Protected by the Release of a Trustee.*—When the legal title of real property is vested in a trustee by a trust deed executed for the purpose of securing the payment of money loaned, such trustee has the power to release the lien of such deed after the maturity of the loan although it is a breach of his trust, and subsequent purchasers without notice will be justified in acting upon the validity of such release as against the holder of the indebtedness.

3.  SUBSEQUENT PURCHASERS — *When Protected by the Release of Trust Deeds.*—A *bona fide* purchaser of real property for value and without notice will be protected by the release of a trust deed executed for the purpose of securing the payment of money, made by the trustee named in such deed after the maturity of the debt, although he does so without the consent of the *cestui que trust* and in violation of the obligations of his trust.

Foreclosure of a Trust Deed.—Appeal from the Circuit Court of Cook County. Heard in this court at the March term, 1900. Affirmed. Opinion filed November 22, 1900.

**Statement.**—October 20, 1898, appellant filed her bill against Nora and Bernhard Behrend, Johanna Quilty and others, to foreclose a trust deed to one Peter Popp, as trustee, made by the Behrends, May 2, 1892, on certain real estate in Cook county, and recorded on the 8th day of June, 1892, to secure the note of said Behrends, dated May 2, 1892, payable to the order of appellant on or before five years after date, of which appellant is the owner. Popp, the trustee, died December 5, 1896, and Anton Mach, his successor in trust, was made a defendant.

Herman Felsenthal, one of the defendants, answered, alleging, among other things, that Popp, by a release dated May 9, 1893, duly executed and delivered by him and recorded August 21, 1893, released and discharged the trust

deed to Popp; that prior to the execution of the Popp trust deed a trust deed to Felsenthal to secure a note of $3,000, with interest at six per cent, held by one Schmidt, was executed and recorded, which was a first lien upon said real estate, and the rights of appellant were subject and subordinate to the rights of the holder of the $3,000 note secured by this trust deed; that Johanna Quilty bought the said real estate from the Behrends and received from the latter a conveyance thereof December 23, 1893, for $5,600, and paid $2,600, in cash, and assumed the payment of the note secured by the Felsenthal trust deed; that prior to such purchase said Quilty caused the title to said premises to be examined by an attorney skilled in the law, and obtained his written opinion that the title was good in Nora Behrend, subject to the lien of the Felsenthal trust deed, and that said Quilty had no knowledge or notice that the note and trust deed here sought to be foreclosed was a lien upon the premises, and paid her money in good faith, relying upon the public record of the release of the Popp trust deed; that the note secured by the Felsenthal trust deed became due, and about March 9, 1896, said Quilty paid $300 thereon and gave a new note and trust deed for $2,700 to Felsenthal as trustee, and thereupon the trust deed of $3,000 was released of record; that before its release Felsenthal caused an abstract of title of the real estate to be examined by attorneys practicing in Chicago, who gave an opinion that the title thereto was good in said Quilty, subject to the note and trust deed for $3,000, and that neither Felsenthal nor Schmidt, who is the holder of the $2,700 note, had any knowledge or notice that the trust deed sought to be foreclosed was an existing lien on said real estate, and that relying on said Popp release, he executed the said release of the said $3,000 trust deed and accepted said new note and trust deed for $2,700 in payment of the $3,000 note and trust deed. He claims that he and Schmidt are entitled to be subrogated to their rights under the original note and trust deed of $3,000.

Johanna Quilty answered in substance that she had no

notice or knowledge of any lien by reason of the note and trust deed sought to be foreclosed; that she had relied upon the Popp release; sets up the same facts with regard to the Felsenthal trust deed and the purchase of the real estate from the Behrends, the payment of $300 upon the Felsenthal note and trust deed, the giving of a new note of $2,700 in part payment thereof, and trust deed securing the same, as set out in the answer of Felsenthal, and says that she paid her money in good faith for the purchase of said real estate, in assuming the Felsenthal trust deed and in giving the new note and trust deed for $2,700, relying upon the public records showing the Popp release.

Subsequently the original bill was amended, showing the death of Johanna Quilty, making her heirs parties, the death of Schmidt, the making of his will, and making his executors parties.

The executors of Schmidt also answered the original bill, setting up in substance the same matters as in the answer of Felsenthal, and asked that the original bill be dismissed as to them.

The heirs of Johanna Quilty adopted her answer to the original bill as their answer to the bill as amended, and filed their cross-bill, showing the same matters in substance as hereinabove set forth, and other matters not necessary to be here stated, making parties defendant appellant, all the parties to bill as amended, and the executors of Peter Popp, deceased, and praying that said real estate be relieved from any burden of appellant's note and trust deed, and in default thereof that they be subrogated to the rights of Schmidt as to the $300 paid on his $3,000 note, and that the executors of Schmidt might be subrogated as to the $2,700 note and trust deed to the rights of Schmidt under the $3,000 note and trust deed.

Answers to this cross-bill were filed by the executors of Schmidt, appellant and Felsenthal, and the executors of Popp, deceased, demurred thereto, which was subsequently overruled and they stood by their demurrer.

Said executors of Schmidt also filed a cross-bill setting up in substance the same matters contained in the answer of

Felsenthal, the death of Schmidt, and asking to be subrogated to the rights of Schmidt as to the original $3,000 note and trust deed to Felsenthal; that appellant and the other defendants be required to interplead and litigate among themselves as to the propriety of the Popp release; that the real estate be relieved from any burden by reason of appellant's note and trust deed, and that if that should be held to be a lien, the same should be subject to the lien of the original note and trust deed for $3,000, held by Schmidt, and for general relief.

Appellant answered the latter cross-bill, in substance claiming that the Popp release was unauthorized and made without her knowledge or consent; that she was entitled to a first lien and to a foreclosure thereof, as claimed in the original bill. The executors of Popp demurred to this cross-bill and it was dismissed as to them.

Replications were filed to the respective answers, and when the issues were made, the cause was heard upon evidence taken in open court, and the chancellor entered a decree dismissing appellant's bill as amended, with costs, for want of equity, and dismissing the cross-bills for want of equity at the costs of the several cross-complainants. From this decree this appeal is taken by said Lennartz, the appellees represented in this court being the heirs of Johanna Quilty, deceased, and the executors of Schmidt. No cross-errors have been assigned.

From the evidence heard, the facts appear substantially as alleged in the bill and as set out in the answers of Felsenthal and Johanna Quilty, and in addition, that the Popp release was made without the knowledge or consent of, or notice to appellant.

F. P. READ, attorney for appellant.

KERR & BARR and O'DONNELL & GOGHLAN, attorneys for appellees.

MR. JUSTICE WINDES delivered the opinion of the court. The principal question presented by this appeal is as to

whether the appellant on the one part or the appellees on the other part, both claiming to be innocent parties, should suffer by reason of the wrong done by Popp and Bernhard Behrends in making and recording the release of the Popp trust deed.

The question is not without difficulty, but if we were right in the decision of Carey v. Rauguth, 82 Ill. App. 418–24, then this question must be determined in favor of the appellees. In that case we held that a building association mortgage or trust deed which, under the provisions of the statute, might be paid at any time, at the option of the maker, was the same as an ordinary incumbrance which had, by its terms, matured, so far as the rights of a subsequent innocent purchaser or incumbrancer who had paid his money in good faith, relying upon the record of a fraudulent release of such mortgage or trust deed are concerned. To the same effect also, in principle, is the case of Jummel v. Mann, 80 Ill. App. 288, 301, in which we held that a subsequent incumbrancer, who loaned his money in good faith and without notice of a previously matured incumbrance (so far as shown by the record, but which had in fact been extended by agreement between the holder and the mortgagor), relying upon the record of a fraudulent release thereof, should be protected. (Affirmed, 183 Ill. 523.) In that case the Supreme Court say :

" A trustee in deeds of trust of this kind has the power to release the lien so as to revest the legal title in the grantor, even though he does so without the consent of the *cestui que trust*, and in violation of the obligations of his trust."

In the case at bar Johanna Quilty purchased the premises in question, paying $2,600 in cash and assuming the Schmidt incumbrance of $3,000, which was prior in point of date and record to appellant's incumbrance, after having the title thereto examined by an attorney skilled in the law and practicing in the city of Chicago, who gave to her his written opinion that the title was good in Nora Behrend, subject only to the Schmidt incumbrance and certain taxes, which opinion was based upon a merchantable abstract of

title, in no way questioned, which showed that the Popp trust deed had been released of record on August 21, 1893, by the trustee therein named, which was some months prior to her purchase, and without any notice whatever that the note held by appellant had not in fact been paid. It is true that her attorney did not inquire of appellant as to the validity of the release by Popp, but that was not necessary, inasmuch as Popp had the right to release the trust deed at any time upon payment, and by its terms it was payable at any time. Under these circumstances Mrs. Quilty had the right to presume payment, and that Popp would not have made and delivered the release without the note was paid. In the Jummel case, *supra*, the Supreme Court say:

" We think the law is, that when the record shows that the release was executed after the indebtedness was past due, in the absence of all notice to the subsequent purchaser, he will be protected."

We think that appellant's claim that because the trust deed securing her note provides that the trustee shall release when the note should be fully paid, was notice to Mrs. Quilty, which compelled her, at her peril, to inquire of appellant as to whether the note had been paid, is not tenable. It is held in the Jummel case, *supra*, in substance, that inasmuch as the legal title was vested in the trustee he had the power, although it was a breach of his trust, to release the land before payment, and the subsequent purchaser was justified in " acting upon the validity of the release, as against any holder of the old indebtedness, upon the presumption of payment arising from the fact that it was long past due." We see no reason why the maker of this note, having the power as he did, by its terms, to pay it at any time, it may not be considered the same as an overdue note.

So far as concerns the rights of the appellees in this case, we think it can make no difference whether Popp, as appellant's counsel claims, had knowledge at the time he executed the release that the indebtedness to appellant had not been paid, and that he was acting without authority in exe-

cuting such release.   There can be no reasonable doubt from this record but that the release in question was in fact executed by Popp and placed upon record by him, and this being so, Mrs. Quilty had the right to rely upon what the record showed, viz., a declaration by Popp that appellant's note had been paid.   The lien of Schmidt, being in the first instance prior in point of date and record to appellant's note and trust deed under the facts as alleged in the answer by Felsenthal, which we have seen were established by the proof, was in no way changed.   The release of the first trust deed to Felsenthal did not change the lien in equity, as the new incumbrance was given in part payment of the first, and without notice of any claim of lien by appellant, and relying upon the record of the Popp release.   In equity this first incumbrance will be kept alive, notwithstanding its release for the protection of the executors of Schmidt as to the new note of $2,700, and for the protection of the appellees, the Quiltys, as to the $300 paid by their ancestor on the first trust deed to Felsenthal.

The claim of appellant's counsel that the release made by Popp was never delivered, is not, in our opinion, supported by the evidence   On the contrary, we think that the chancellor was justified in finding from the evidence that it had been duly delivered.

The claim for appellant that the appellees, the Quiltys, have a remedy against the Behrends for the fraud, and on their warranties against incumbrances, against the attorney who examined the title for negligence, and against the estate of Popp for fraud in executing the release, may be assumed for the purposes of this case to be true, but that would not deprive them of protection as innocent purchasers, in good faith, having, by their mother, paid and agreed to pay the full value of the land in question, which is shown to have been worth in 1892, $5,600, and at the time of the trial probably $5,000.

It is said that the court erred in admitting in evidence the abstract of title and the opinion of the attorney who examined the same, but we see no error in this regard, and counsel have cited no authority in support of the conten-

tion.  We think the evidence was competent as tending to show good faith on the part of Mrs. Quilty, and that she took the usual and ordinary precautions to ascertain the condition of the title to the property she was purchasing.

It is also said that the court erred in excluding the testimony of appellant on rebuttal.  The only thing she was asked was whose note was the note secured by the trust deed sought to be foreclosed.  The ownership of the note had already been proven in the case by the production by her counsel on the trial of the note which had been offered in evidence, and no question was made by the defense in that regard.  It is unnecessary to pass upon the question as to whether she was a competent witness, under the statute, to contradict the testimony of Behrend, because no offer of proof in that regard was made by or on behalf of appellant.  Counsel for appellant did not indicate to the chancellor that he desired to examine appellant on any other point than as to ownership of the note, and the chancellor said:  " I will let you save any right you have on that matter."

Moreover, the exclusion of her evidence is unimportant for the reason that there is sufficient competent evidence in the record to sustain the decree, and what was testified to by Behrend is not necessary to an affirmance of the decree rendered.

The decree of the Circuit Court is therefore affirmed.