# WILLIAM N. PHILLIPS

*v.*

# PEYTON ROBERTS.

1. EVIDENCE—*of prior acts to establish contract.* Where the plaintiff sued before a justice of the peace, upon an alleged special contract made two years before, with the defendant, that the defendant was to allow him a part of his commissions received from customers the plaintiff might bring to him to borrow money, as agreed upon in each case, and an alleged agreement to pay him $50 in a particular case where a loan was effected, which is testified to by the plaintiff and denied by the defendant, evidence showing that, prior to the par-

Syllabus.

ticular agreement to pay $50, the plaintiff had procured other persons to make loans, under the general employment, and that the defendant had made loans to them and allowed the plaintiff some commissions therefor, was *held* proper, as tending to corroborate the plaintiff on the question of his employment, and as tending to show he was entitled to recover on the *quantum meruit*, and as throwing light on the special agreement to pay in the particular case.

2. CONTRACT—*to pay for furnishing customer to procure loan.* If a defendant agrees to pay the plaintiff a part of the commissions he may be able to obtain from customers the latter may bring to borrow money, and promises to pay $50 in a particular case, where a loan is made to a customer sent by the plaintiff, he will be bound to pay the same, whether the loan was effected through the efforts of the plaintiff or not. Under such a contract the plaintiff is only required to bring to the defendant applicants for loans, leaving the latter to negotiate them.

3. SAME—*when not express.* If a contract of employment fixes the services to be performed, but does not fix the compensation therefor, the party rendering the service may recover its reasonable value, and this will not be an express and implied contract existing for the *same thing.* The *thing*, in such case, is the amount of compensation as to which the contract is not express, but implied.

4. SAME—*not presumed to be illegal.* Where a party is employed to bring persons desiring to borrow money to a broker, who charges commissions on the loans he effects, it will not be presumed that the contract contemplates a violation of the statute against usury, but the presumption will be otherwise.

5. PLEADING AND EVIDENCE—*whether party confined to one theory.* In a suit commenced before a justice of the peace, where no written pleadings are required, when there is a dispute as to the existence of a special contract to pay a given sum for a service performed, the plaintiff may, by instructions, present his right to recover on the theory both of a special and an implied contract, and they will not be open to the objection of inconsistency. If he fails in establishing the amount agreed to be paid, he may recover upon the *quantum meruit*, notwithstanding his attempt to prove a fixed amount.

6. USURY—*taking of commissions.* A person doing a brokerage business in the loaning of other persons' money, will have the right to charge commissions to the borrower, and his retention of the same will not make the contract usurious.

7. INSTRUCTION—*singling out part of facts.* An instruction which calls special attention to certain unimportant circumstances, and omits material facts, is calculated to mislead, and is properly refused.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. J. M. KIRKPATRICK, for the appellant.

Messrs. STEWART, PHELPS & GRIER, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

William N. Phillips, the appellant, resided at Galesburg, and was engaged in the business of dealing in and loaning money. In September, 1874, he loaned $5000 to one Burden, took his note, with security, therefor, drawing ten per cent interest, paid him $4850, in cash, and charged and retained $150 for his trouble and commissions. The note was made payable to the order of his brother, Thomas S. Phillips, and he states, in his testimony, the transaction was for his brother; that his brother had money, but he himself was short of money at the time of the loan, and was borrowing money, and at the time of the loan had no interest in the money loaned.

Peyton Roberts, the appellee, contended, on the trial in the circuit court, there had been an arrangement of some two years' standing between him and appellant, by which it had been agreed appellee should bring to appellant customers desiring to borrow money, and that whenever appellant succeeded in making loans to such customers, he was to pay to appellee some part of the commissions, the amount to depend on the circumstances and the amount of the commission he might be able to obtain in each particular case,—appellee's compensation to be agreed upon as each particular loan was made. He further contended, he furnished Burden as a customer under this arrangement, and that $50 was the sum agreed upon to be paid to him for his services in the matter. Appellant denied any such arrangement had been made between them, and denied the special agreement to pay the $50.

Roberts sued appellant before a justice of the peace, and recovered a judgment, from which an appeal was taken to the circuit court. In the circuit court there was a jury trial, and a verdict and judgment for $50 and costs, against appellant.

The record is brought to this court, and the first point urged

is that the circuit court allowed improper evidence to go to the jury, on the part of appellee, against the objections of appellant. Evidence was introduced for the purpose of proving that, prior to the particular transaction in controversy, appellee had procured other persons to make loans; that they were procured under the general agreement above referred to, and that appellant had made loans to such persons and allowed appellee commissions therefor. It is contended, this testimony in no manner tends to prove the issue between the parties; and that if there was a special contract to pay the $50, there could not be an implied contract.

We do not regard the objections as well taken. The special contract, as sworn to by appellee, consisted of two parts, made at different times, about two years apart. First, there was the alleged employment, and secondly, the alleged agreement as to the particular amount to be paid for this particular customer. If Roberts established the fact of the employment, and the bringing of this customer, and the loan, and the payment of a commission to Phillips, but failed to prove to the satisfaction of the jury the special agreement to pay the $50, then he would have been entitled to a verdict on the *quantum meruit.* Phillips denied both the special contract to pay $50, and the general employment. The testimony in question, if believed by the jury, would corroborate the evidence of Roberts on the question of his employment, and tend to show he was at least entitled to a verdict on the *quantum meruit,* and the circumstances testified to might even throw light on the issue made as to the alleged agreement to pay $50.

It is insisted, the court gave improper instructions for appellee. The first instruction was as follows:

"The court instructs the jury, that if they believe, from all of the evidence in this case, that the defendant agreed to pay to the plaintiff the sum of $50 for his assistance in case he (defendant) succeeded in making a loan of $5000 to one Burden, who was taken to the office of defendant by the said plaintiff, then the jury will find for the plaintiff in this case,

if they further find, from the evidence, that defendant did make said loan to said Burden."

This instruction was based on the issue as to the special agreement to pay the $50; and upon that issue it was immaterial whether it was through the efforts of Roberts the loan was effected. Besides, Roberts was not, in any event, suing for commissions for effecting a loan,—his claim was, that, by the terms of the employment, he was simply required to bring customers to appellant, that appellant should then negotiate the loan, and if he, appellant, succeeded in so doing, appellee should be entitled to compensation for furnishing the customer. Nor does the instruction assume Roberts had performed his part of the agreement;—it leaves the question as to whether Burden was taken to the office of Phillips by Roberts, as well as all the other questions suggested by the instruction, to be determined by the jury from their belief deduced from all the evidence in the case. The numerous authorities cited by appellant in discussing this instruction we do not regard as applicable to the case at bar.

It is objected, the second and third instructions are, each of them, inconsistent with themselves, and that they are each of them based, at least partially, upon a supposed implied contract,—while the testimony of Roberts shows, if anything, a special contract to pay $50; and that the instructions, as a series, are inconsistent.

We have already, in discussing the objections to evidence, at least partially considered some of these objections. In this case no written pleadings were required. The plaintiff might well attempt to prove a special agreement to pay $50, and at the same time introduce evidence upon a *quantum meruit*, and he had a right to have both questions submitted to the jury, and to have the jury instructed as to both theories of his case. As a matter of course there can not be an express and an implied contract for the same thing existing at the same time. But, as to the compensation of appellee, which kind of contract did exist? That was one of the questions the jury were

required to pass upon. If it was found, from the weight of the evidence, there was an agreement to pay $50, then that disposed of the question of the *amount* appellee was entitled to receive, if he was entitled to anything. But there was a conflict of evidence on this branch of the case;—it might not have satisfied the jury the amount had been agreed upon,—and in that event they might have based a verdict for appellee upon a *quantum meruit*, if they regarded the employment and services as sufficiently proven, and this notwithstanding an attempt to prove a fixed amount.

If there was a contract of employment wherein the duties of appellee were specified, but which failed to fix his compensation for the required services, in such case it would devolve upon the jury to ascertain the reasonable value of such services. This would not be an express and an implied contract existing for the *same thing*,—the *thing*, in such case, would be the *amount* of compensation, and as to that, there would be no express contract in existence.

There is no inconsistency in presenting both theories of the case in separate instructions, or in different branches of the same instruction. A division of the commission received by appellant does not necessarily imply that it should be divided into two equal parts; the payment of any part of the commission to appellee would be a division of the commission, and the instructions are to be regarded in the light of the evidence before the jury. We find no substantial error in either of these instructions.

The third instruction asked by appellant was properly refused;—it called special attention to certain unimportant circumstances, omitted material facts, and was calculated to mislead the jury. The seventh instruction for appellant, which was given, covers the principle involved in the third, and gives the law as favorably for appellant as he was entitled to have it given.

There was no error in refusing the fourth instruction;—the

32—90 ILL.

statements made by Roberts to Burden were part of the *res gestœ.*

What has already been said in reference to the third instruction will apply, with equal force, to the ninth, and there was no error in refusing it.

It is contended appellee has no right to recover, under the evidence in this case, because it shows the contract out of which it arises was illegal. We have no right to assume that the original employment, as testified to by appellee, contemplated the taking of usurious interest and a violation of the statute. The presumptions of the law would all be otherwise. In the particular transaction now in controversy, the Burden loan, the testimony of appellant himself shows he was acting for another, that he had no interest in the money loaned, and that the note was executed to his principal and only drew ten per cent interest, and that the $150 was deducted out of the $5000 as commissions. If appellant was simply doing a brokerage business, with some one else's money, then he had a right to charge a commission, and the contract was not usurious.

It is also urged, the verdict was contrary to the evidence. We would simply say, on this point, the evidence in the case was quite conflicting,—the testimony of the appellee was corroborated by that of Burden, while the testimony of appellant was corroborated by that of his clerk, Sanborn. It was for the jury to determine as to the weight of the evidence, and it was clearly within their province to find as they did.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*