Jennings v. Hunt.

ELIZA JENNINGS

V.

JONATHAN HUNT ET AL.

1. MORTGAGE—FRAUDULENT RELEASE.—Where a release of a mortgage was unauthorized, the mortgagor not having paid the debt, cannot set up such release as a defense without first paying the debt, no rights of third parties having intervened.

2. USURY—COMMISSIONS TO BROKER.—Payment to a broker of a commission for procuring the loan, where there is no evidence that the lender had anything to do with it, is not an usurious transaction.

ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding. Opinion, filed June 29, 1880.

Messrs. MOORE & WARNER, for plaintiff in error; that after a cause is dismissed by plaintiff, without prejudice, it is not in the power of the court to reinstate it at the request of the defendant, cited Jones v. Kerney, 3 Bibb. 303; Bennett v. Winter, 2 Johns. Ch. 205; Ray v. Cannon, 3 Edm. Ch. 478; Buck v. Scott, 1 Bland. 112; Combs v. Steele, 80 Ill. 101; McKee v. Ludwig, 30 Ill. 28; Smith v. Wilson, 26 Ill. 186; Hendrich v. Robinson, 2 Johns. Ch. 484; Ducks v. Hall, 7 Paige, 382; Lawrence v. Cornell, 4 Johns. Ch. 545; Bradley v. Shonor, 1 Johns. Ch. 200; Foquer v. Forquer, 19 Ill. 68; Mears v. Mears, 42 Ill. 50; Bowman v. Bowman, 64 Ill. 75; Crain v. Bailey, 1 Scam. 321; Young v. Bush, 36 How. 280.

Upon the question whether a mortgage is released or satisfied, it is the duty of the court to get at the intent of the parties, where no rights of third parties have intervened: Young v. Morgan, 11 Chicago Legal News, 46; Parmelee v. Lawrence, 44 Ill. 405; Flower v. Ellwood, 66 Ill. 438; Bush v. Sherman, 80 Ill. 160; Steinmetz v. Lang, 81 Ill. 603.

Payment of commission to a broker is not usurious: Phillips v. Roberts, 90 Ill. 492; Colehour v. State Savings Inst. 90 Ill. 152; Bellinger v. Bourland, 87 Ill. 513.

Mr. FRANCIS M. WRIGHT, for defendants in error.

PER CURIAM. We have carefully examined the record in this case, and have come to the conclusion that the court below erred in its finding of facts. The release executed by the prior mortgagee after the assignment of the debt by him to plaintiff in error was not authorized, and the mortgagor could not set up such release as a defense without first paying the debt, which he has not done. No rights of third parties having intervened, the first mortgage must, under the evidence in this

record, be considered as a subsisting lien until the debt is paid.

We further fail to see sufficient evidence of anything usurious in the transaction. The mortgagor paid the broker a certain per cent. for obtaining the loan, but there is no evidence that plaintiff in error participated therein. Phillips v. Roberts 90 Ill. 492.

The decree of the circuit court is therefore reversed, and upon motion of plaintiff in error, she is allowed to dismiss her bill in this court.

Decree reversed and bill dismissed.