**Barbara Lennartz v. Estate of Peter Popp, deceased.**

Gen. No. 11,669.

1. TRUSTEE—*liability of, for wrongful release of trust deed.* A trustee is bound at his peril to know that the indebtedness secured by a trust deed has been paid before he executes a release, and if he unwarrantably releases a lien imposed by such instrument he is liable to the holder of the indebtedness for the damages which necessarily flow from his wrongful act.

2. CESTUI QUE TRUST—*rights of, as against third parties.* Whenever the trustee has been guilty of a breach of the trust and has transferred the trust property by sale or otherwise to any third person, the *cestui que trust* has a full right to follow such property into the hands of such third person unless he stands in the predicament of a *bona fide* purchaser for a valuable consideration without notice.

3. CESTUI QUE TRUST—*extent 'of remedy of against estate of deceased trustee guilty of wrongful act.* Where the *cestui que trust* elects to hold a trustee personally responsible, or where that is his only remedy and the trustee is dead, his position as to the estate of the trustee is that of a simple contract creditor with a naked claim for damages arising out of the breach of the trust.

4. WITNESS—*who incompetent as.* Parties in interest are incompetent as witnesses where the adverse party defends in a representative capacity—such representative, however, may call such witness in behalf of the interest which he represents.

Contested claim in court of probate. Appeal from the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the March term, 1904. Reversed and remanded. Opinion filed January 5, 1905. Rehearing denied. January 26, 1905.

**Statement by the Court.** A claim against the estate of Peter Popp in favor of appellant for the sum of $2,990 as of class seven, was allowed by the Probate Court of Cook County. The executors of said estate appealed to the Circuit Court. The case was there tried and the jury returned a verdict for the estate. From the judgment rendered on that verdict appellant perfected this appeal.

At the trial in the Circuit Court appellant offered:

1. The note of Nora and Bernhard Behrend for the sum of $3,500, dated Chicago, May 2, 1892, payable on or before five years after date to the order of appellant with interest at six per cent, payable semi-annually, secured by trust deed to Peter Popp. The payment of interest to May 2, 1894, in the words and figures, " Interest paid 2–95 (pencil), $135 pd.," was endorsed on the note.

2. A trust deed executed by Nora Behrend and her husband, dated May 2, 1892, conveying certain premises therein described, to secure the said note. This trust deed, which is in the usual form, contains the following provision: " When the said note and all expenses accruing under this trust deed shall be fully paid, the said grantee, or his successor or legal representatives, shall reconvey all of said premises remaining unsold to the said grantors or their heirs or assigns, upon receiving his reasonable charges therefor."

3. Upon proof that the original was not in her possession, and that it was not in her power to produce the same, appellant put in evidence a recorder's copy of a release deed dated May 9, 1893, signed, " Peter Popp (Seal), Trustee," releasing to said Nora Behrend and Bernhard Behrend all right, title, etc., he, Peter Popp, had acquired by and through the above mentioned trust deed to the premises therein described, describing them. Acknowledged July 20, 1893, and filed for record August 21, 1893.

4. A warranty deed from · Nora Behrend and her hus-

Lennartz v. Estate of Peter Popp.

band dated December 23, 1893, conveying the same premises to Johanna Quilty for $6,500, subject to a prior incumbrance of $3,000, which Quilty assumes and agrees to pay as a part of the consideration price. Filed for record December 26, 1893.

5. Appellant then called Bernhard Behrend as a witness in her behalf. An objection was made by appellee as to his competency. Upon his examination in that regard by counsel for appellee, it appeared that in a suit brought by appellant against the witness and his wife on the note here in evidence, May 14, 1897, a judgment for $4,119.50 and costs was rendered against the defendants, and that such judgment was still unsatisfied. The same facts appeared by the files of that case, which were put in evidence. The court sustained the objection as to the competency of the witness, to which appellant excepted.

6. Appellant was called as a witness in her own behalf. Appellee objected as to her competency, the objection was sustained by the court, and appellant excepted to the ruling.

7. Admitting that the deed to Quilty limited the value of her security, and as the entire consideration for that deed was $5,600, from which the assumed incumbrance of $3,000 should be subtracted, appellant claimed the value of her security so released by said Popp was $2,600, with interest thereon from January 1, 1896, to the date of the trial.

At the close of appellant's case the appellee presented a motion in the following words: "The court instructs the jury to return a verdict in this case, finding the issues for the estate of Peter Popp, deceased." This motion the court sustained, and appellant excepted. The court then instructed the jury to find a verdict in accordance with such motion, which they did, and appellant excepted. Judgment was entered upon this verdict, and appellant again excepted.

F. P. READ, for appellant.

LACKNER, BUTZ & MILLER, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

In directing the jury to return a verdict in favor of the estate of the deceased, we are of the opinion the trial court committed reversible error.

The evidence tended to show that the deceased was duly appointed trustee of an express trust for the benefit and the protection of appellant; that his duties in this regard were plainly set forth in the deed of trust, namely, that he should not release the lien of the trust deed until the note secured thereby was fully paid; that the deceased, before the maturity of the note, executed and delivered a release of the trust deed without seeing to it that the note was paid; that after the recording of such release, the premises described in the trust deed were conveyed by the debtors to a *bona fide* purchaser, thus wholly preventing appellant from having recourse thereto for the satisfaction of her debt; that said note has never been paid, and the makers thereof are insolvent. Being thus cut off from all resort to the land for indemnity, and the trustee being dead, appellant is without remedy for her loss except by an action against the representatives of him whose wrongful acts occasioned the loss. The evidence in this case, *prima facie,* entitled appellant to recover in this action, and it therefore was error to direct a verdict for appellee. The deceased, at his peril, was bound to know that the indebtedness to appellee was paid before he executed a release of her security. A trustee who unwarrantably releases the lien of his trust deed is liable to his principal for the damages which necessarily flow from his wrongful act. This rule is so clearly equitable and so familiar that it does not require discussion, and ought not to call for the citation of authorities. However, from among the many cases, we refer to the following: It is a clearly established principle in equity jurisprudence that, whenever the trustee has been guilty of a breach of the trust, and has transferred the property, by

sale or otherwise, to any third person, the *cestui que trust* has a full right to follow such property into the hands of such third person, unless he stands in the predicament of a *bona fide* purchaser, for a valuable consideration, without notice.    Oliver v. Piatt, 3 Howard, 479; Jennings v. Hunt, 6 Ill. App. 523;  Barbour v. Mortgage Co., 102 Ill. 121; Stiger v. Bent, 111 Ill. 337.

In Lennartz v. Quilty, 191 Ill. 174, appellant in this case filed a bill to foreclose the trust deed herein mentioned against Nora Behrend, Bernhard Behrend and Johanna Quilty.    The evidence showed that the last named defendant, after the recording of the release deed executed by the deceased, in entire good faith, without notice or ground of suspicion, and relying upon the recording laws, as she had a right to do, purchased the premises for an adequate consideration, which she then paid in cash, and by the assumption of a prior incumbrance.    In this state of the proof the Supreme Court affirmed the decree of the Circuit Court dismissing the bill for want of equity.    In so doing the Supreme Court said :  "The release of the trust deed securing the note of appellant by Popp, the trustee, was unauthorized, for the reason that the note was not paid."

Where the *cestui que trust* elects to hold the trustee personally responsible, or where that is his only remedy, as in the case here, and the trustee is dead, his position as to the estate of the trustee is that of a simple contract creditor with a naked claim for damages arising out of the breach of the trust.    Lathrop v. Bampton, 31 Cal. 23.

Where a trustee sells or releases the trust property so that it can no longer be followed, he is liable to the *cestui que trust* for the actual value of the trust property so lost, disposed of or converted.    Calhoun v. Burnett, 40 Miss. 604;  Roberts v. Mansfield, 38 Ga. 456;  Docker v. Somes, 2 Mylne & K., 655;  Freeman v. Cook, 6 Ired Eq., 379;  Norman's Ex'rs v. Cunningham, 5 Gratt. 72; Flagg v. Mann, 3 Sumner, 93;  Bradley v. Luce, 99 Ill. 234;  Long v. Fox, 100 Ill. 43.

It is true that under the statute neither Behrend nor ap-

pellant, when called in behalf of appellant, was a competent witness against the estate of the deceased; but both or either of them might have been called by appellee, had it so desired.

The judgment of the Circuit Court is reversed and the cause is remanded.

*Reversed and remanded.*