## Claim of Barbara Lennartz, v. Estate of Peter Popp, deceased.

## On Appeal of Barbara Lennartz, Appellant, v. Estate of Peter Popp, deceased, Appellee.

## Gen. No. 16,848.

1. ACKNOWLEDGMENT—*evidence insufficient to impeach.* In a proceeding against the estate of a deceased trustee to obtain damages for a wrongful release of a trust deed, on an issue whether the release was forged, a son of the decedent identified a photograph as that of his father but did not testify that it was a correct likeness at the time an acknowledgment of the release was made. It was a custom of the decedent in regard to acknowledgments to go to a certain notary at the place where the notary in question was employed. Such notary testified in the probate court, six years after the transaction, that he was employed at such place and that he was not acquainted with the releasor, but had a recollection of meeting with a man by that name, that he could not identify him from the photograph, that he had no independent recollection of the transaction and that it was his name signed to the acknowledgment. *Held,* the evidence was insufficient to impeach the certificate of acknowledgment.

2. COURTS—*when former decision will control.* Where on a former appeal the same evidence as to the liability of a trustee in a deed of trust, who is alleged to have wrongfully released the deed, was considered as is offered in the case at bar, together with evidence as to the insolvency of the makers of the secured note, the decision on such appeal will control, even though there is no evidence in the case at bar tending to show the insolvency of the makers of the note.

3. MORTGAGES—*wrongful release by trustee.* In a proceeding by the holder of a secured note to obtain damages from a trustee alleged to have wrongfully released a deed of trust, evidence tending to show the insolvency of the makers of the note is not necessary to establish a *prima facie* right of recovery, but is relevant and material merely upon the question of the measure of damages.

4. MORTGAGES—*evidence inadmissible to show absence of release.* In a proceeding by the holder of a secured note to obtain damages from a trustee in a deed of trust alleged to have wrongfully released the deed, on an issue that the release was a forgery, evidence of the deceased trustee's son as to his father's custom in

going to a certain notary with regard to acknowledgments is not admissible.

5. MORTGAGES—*burden of proving wrongful release.* In an action by the holder of a secured note for damages for an alleged wrongful release of the deed of trust, on proof of a *prima facie* case the burden does not shift and an instruction that the plaintiff must prove his case by a preponderance of evidence is proper.

6. MORTGAGES—*when instruction assuming consent to release is improper.* Where a holder of a secured note sues for damages for a wrongful release of the deed of trust and there is no evidence that plaintiff consented to a release of the deed, an instruction that if the jury find that plaintiff consented to the execution of the release there can be no recovery assumes evidence of such fact and is improper.

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed December 11, 1912.

F. P. READ and CHARLES F. VOGEL, for appellant.

LACKNER, BUTZ & MILLER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

In 1898 the appellant, Barbara Lennartz, filed her claim in the Probate Court of Cook county against the Estate of Peter Popp, deceased, appellee, for damages sustained by reason of the alleged wrongful execution and delivery by said deceased of a certain release of a certain deed of trust from Nora and Bernhard Behrend to said deceased, as trustee, securing a note for $3,500, owned and possessed by said appellant, which note was alleged to be due and unpaid. From the judgment of the Probate Court allowing said claim against said estate in the sum of $2,990, as of the 7th class, appellee prayed an appeal to the Circuit Court where the third trial had before a jury in February, 1910, resulted in a verdict in favor of appellee and judgment against appellant for costs, to reverse which judgment this appeal is prosecuted.

Upon a former appeal from a like judgment entered by the Circuit Court upon a directed verdict for appellee, such judgment was reversed and the cause remanded. Lennartz v. Estate of Peter Popp, 118 Ill. App. 31.

The following documentary evidence was offered by appellant and admitted:

1. A note for $3,500, executed by Nora and Bernhard Behrend, bearing date May 2, 1892, payable on or before five years after date to the order of appellant with interest at 6%, payable semi-annually. Which note bore indorsements showing payment of interest to May 2, 1893, May 2, 1894, and May 2, 1895, and a further indorsement as follows: "$135. Pd."

2. A trust deed bearing date May 2, 1892, executed and acknowledged by Nora and Bernhard Behrend, conveying certain described premises to Peter Popp, trustee, to secure the payment of said note for $3,500. Said trust deed was duly recorded and contains a provision as follows:

"When note and all expenses under trust deed shall be fully paid, grantee, his successor or legal representative, shall re-convey premises remaining unsold to grantors, their heirs or assigns."

3. A certified copy, in lieu of the original, of a release bearing date May 9, 1893, signed "Peter Popp, (Seal), Trustee," purporting to be acknowledged before William D. Palmer, a notary public, on July 20, 1893, recorded August 21, 1893, releasing to said Nora and Bernhard Behrend all right, title, etc., he, Peter Popp, had acquired by and through the said trust deed to the therein described premises.

4. A warranty deed duly executed and acknowledged by Nora and Bernhard Behrend on December 23, 1893, recorded December 26, 1893, conveying the same premises to Johanna Quilty for $5,600, subject to a prior incumbrance of $3,000, which said grantee thereby assumed and agreed to pay as part of the consideration.

Appellant sought to recover as damages the difference between $5,600, the selling price of the land, and $3,000, the amount of the incumbrance assumed by the purchaser, being $2,600, together with interest thereon at 5% from January 1, 1896.

On behalf of appellee the executors filed their verified plea denying the execution by Peter Popp of the release in question.

Three defenses to the claim of appellant are interposed by appellee: First, that the alleged release was a forgery; second, that if it was not a forgery, it was executed with appellant's consent; third, that even if it was not executed with appellant's consent, appellant on this record has proved no damages.

The evidence in support of the defense that the release was a forgery is, in substance, as follows: William A. Popp, a son of Peter Popp, testified that his father died December 5, 1896; that for thirty-five years prior to his death his father was engaged in the grocery business at No. 543 S. Halsted street; that the photograph shown him was a photograph of his father taken about three years before his death; that Palmer, the notary public, had died since the hearing on the claim in the Probate Court; that the photograph was shown to Palmer when he then testified as a witness; that his father's custom in regard to acknowledgments was to go to a notary by the name of Novak and have his papers fixed up; that Palmer was a salesman at Atwood's clothing store on the corner of Madison and Clark streets; that so far as he knew his father never went to Atwoods to trade, but traded with customers who traded with him.

There was read at the trial a transcript of the testimony of William D. Palmer upon the hearing in the Probate Court. He then testified that he was and had been for sixteen years employed by Atwood as a clothing salesman; that he was a notary public; that he was not acquainted with Peter Popp, but had an indistinct recollection of meeting with a man who gave his name

as Popp; that it was a new name to him.  Upon being shown the photograph of Peter Popp and being asked, ''Did you ever see that man?'' the witness replied, ''I do not think I ever saw that man.  I think that was another man that made the acknowledgment.''  He further testified: ''I cannot say that I have any recollection of it.  I am pretty clear about the face, and I am pretty sure I never saw the man.  Don't remember of having seen him.  I acknowledged deeds at that time on an average of once a month.  Did not know Popp.  My custom as to taking acknowledgments of people that I did not know was that they were to bring somebody I knew, or sometimes I would ask them, 'Have you any bank book with you or any letters in your pocket.'  I have no recollection about this incident, whether he brought an acquaintance with him.  Have been a notary public about twenty-five, perhaps thirty years.  I think I know Mr. Behrend.  I do not doubt the signing.  My name on it, I guess, is correct.''

It is insisted by appellant that the foregoing evidence is insufficient to warrant a finding that the instrument in question was not signed by Peter Popp, and to impeach the notary's certificate of acknowledgment.

The original instrument having been lost or destroyed the signature thereon purporting to be the signature of Peter Popp is not in evidence, and the testimony of witnesses usually available in such cases as to the genuineness of the original signature is absent from the record.

It is the established rule that the certificate of the acknowledgment of a deed cannot be impeached except for fraud; that to justify such impeachment the evidence must be clear and convincing—some of the cases say beyond a reasonable doubt; and it has also been held that such certificate cannot be impeached by the testimony of a party purporting to have been made the acknowledgment, even though such testimony be slightly corroborated.  Russell v. Baptist Theological

Union, 73 Ill. 337; Brady v. Cole, 164 Ill. 116; Sassenberg v. Huseman, 182 Ill. 341; Gritten v. Dickerson, 202 Ill. 372; Spencer v. Razor, 251 Ill. 278.

The evidence of William D. Popp is of little, if any, probative value in determining the issue involved. He identifies the photograph in evidence as being a photograph of his father, but does not testify that the photograph was a correct likeness of his father at the time the acknowledgment in question purports to have been made.

It will be observed that the testimony of Wm. D. Palmer, the notary public, was given nearly six years after the acknowledgment in question purports to have been made, during all of which time his attention does not appear to have been called to the transaction. He did not deny that he did not sign and affix his seal to the certificate of acknowledgment. While he stated that he was not acquainted with Peter Popp, he further stated that he had an indistinct recollection of meeting a man who gave his name as Popp. His examination of the photograph merely failed to refresh his recollection that he had ever seen Popp, or rather operated to raise a doubt in his mind upon that question. He appears to have had no recollection concerning the transaction itself.

The evidence is wholly insufficient to warrant a verdict impeaching the certificate of acknowledgment for fraud.

There is no evidence whatever bearing upon the second ground of defense, viz., that appellant consented to the execution of the release by the trustee.

The decision of this court upon the former appeal, (118 Ill. App. 31), wherein the same evidence, together with some additional evidence tending to show the insolvency of the makers of the note, was considered by the court, must be held to be the law of the case. Zerulla v. Supreme Lodge, 223 Ill. 518. It was held upon the former appeal that the evidence in the case *prima facie* entitled appellant to recover; that the trus-

tee at his peril was bound to know that the indebtedness to appellant was paid before he executed a release of her security; and a trustee who unwarrantably releases the lien of his trust deed is liable to his principal for the damages which necessarily flow from his wrongful act.

Appellee insists that the decision upon the former appeal is not controlling upon the present appeal, because the record now before the court contains no evidence tending to show the insolvency of the makers of the note. Such evidence was and is not necessary to establish a *prima facie* right of recovery in appellant, but is relevant and material merely upon the question of the measure of damages.

In a former proceeding to foreclose the trust deed, instituted by appellant against Mrs. Quilty, who purchased the premises after the release in question had been recorded, the bill filed by appellant was dismissed by the Circuit Court for want of equity and the decree so dismissing said bill was affirmed by this court in Lennartz v. Quilty, 92 Ill. App. 182. From such judgment of this court appellant prosecuted her appeal to the Supreme Court, where such judgment was affirmed. Lennartz v. Quilty, 191 Ill. 174. It was there said: "The release of the trust deed securing the note of appellant by Popp, the trustee, was unauthorized, for the reason that the note was not paid."

Counsel for appellee asked the witness, William A. Popp, "What was your father's custom, if you know, in regard to acknowledgments of such instruments as he acknowledged?" and over the objection of appellant the witness answered, "There was a notary by the name of Novak, and he used to go to him and have his papers fixed up." It is insisted by appellant that this evidence did not tend to prove that Peter Popp did not execute and acknowledge the release before the notary, Palmer, and was improperly admitted. As supporting the competency of the evidence, appellee cites Travers v. Snyder, 38 Ill. App. 379, where it was held

competent to show the habits of Snyder in regard to giving his notes, but it was further said that the inquiry should have been confined to the general reputation of Snyder in that regard. The case is an authority in favor of the admissibility of the evidence here involved. That Popp may have usually gone to Novak to take his acknowledgments and have his papers fixed up did not tend to show that the trust deed in question was not acknowledged by him before Palmer. Appellant's objection to the question should have been sustained.

It is urged that by several instructions given at the instance of appellee the jury were improperly informed that it was incumbent upon appellant to prove her case by a preponderance of the evidence. Appellant says, in substance, that having made a *prima facie* case by making proof of the execution and delivery by Peter Popp of the release, and of the nonpayment of the note secured thereby, the burden of proof was shifted to appellee to prove its case by a preponderance of the evidence. This is not an accurate statement of the law proper to be embodied in an instruction relative to the burden of proof. The true rule is announced in Egbers v. Egbers, 177 Ill. 82, as follows: "Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails. This burden of proof never shifts during the course of a trial, but remains with him to the end." See also Chicago Union Traction Co. v. Mee, 218 Ill. 9.

In this case, the burden was upon appellant to show by a preponderance of the evidence that the release in question was wrongfully executed and delivered by the trustee.

At the instance of appellee the court gave to the jury the following instruction:

"Even though you should find from the evidence that the deceased, Peter Popp, executed and delivered the release in question, yet if you should also find that said release was executed with the consent of the claimant, Barbara Lennartz, then your verdict should be in favor of Peter Popp, deceased."

This instruction necessarily assumes that there is some evidence in the record tending to show that the release was executed with the consent of appellant. There is not a scintilla of evidence tending so to show and the instruction was, therefore, improper and should have been refused.

If we were persuaded by a consideration of the competent evidence in the record that the judgment of the Circuit Court accomplished substantial justice between the litigants, we should be disposed to affirm such judgment, notwithstanding the errors of law upon the trial, but we are not so persuaded, and it becomes our duty to reverse the judgment and remand the case for another trial.

Accordingly, the judgment is reversed and the cause remanded.

*Reversed and remanded.*