insurance policy, the contract being an agreement to reinsure the risks of another company, with conditions requiring the policy holder to assign to the defendant whatever claim he might have against such other company for unearned premiums and pay the balance in cash, action of court in sustaining demurrers to defendant's pleas of failure of consideration setting up that the agreement on the part of plaintiff to assign his claim against the former company without in any way averring that no assignment of the claim was made, *held* not error.

2.  WITNESSES, § 298*—*when character evidence as to reputation for truth and veracity not too remote to impeach witness.* To impeach the character of witnesses for their truth and veracity, evidence offered to show their reputation at a place where they resided two years prior to the time of the facts involved in controversy, *held* admissible, and action of court in sustaining an objection to such evidence because too remote, *held* error, though not prejudicial error.

3.  APPEAL AND ERROR, § 1455*—*when error in sustaining demurrer to plea cannot be complained of.* Defendant cannot complain that trial court improperly sustained a demurrer to his plea where he was permitted upon the trial to introduce evidence which could only have been proper under his plea.

---

## Charles E. Moran, Appellant, v. A. B. Dennis and Oliver Morgan, Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded with directions. Opinion filed October 16, 1913.

### Statement of the Case.

Action by Charles E. Moran against A. B. Dennis and Oliver Morgan, in *assumpsit,* to recover a certain sum alleged to be due to plaintiff from defendants by reason of the defendants procuring the release of a mortgage which plaintiff had assumed as a prior grantee. From an order sustaining a demurrer to plaintiff's declaration, plaintiff appeals.

G. W. SALMANS, for appellant.

A. B. DENNIS, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opin-
ion of the court.

### Abstract of the Decision.

MORTGAGES, § 270*—*when declaration in assumpsit for wrongful
release of mortgage states a cause of action.* Declaration in *as-
sumpsit* against two defendants to recover a sum claimed to be
due to plaintiff by reason of the wrongful release of a mortgage,
alleging that plaintiff was a grantee of mortgagor and was com-
pelled to pay the mortgage by reason of a clause in his deed as-
suming the mortgage, that one of the defendants, a subsequent
grantee, who also assumed the mortgage wrongfully procured the
other defendant, the mortgagee, to execute a release thereof, thereby
depriving the plaintiff of the right to pursue the property and fore-
close the mortgage, *held* to state a cause of action, and that the
action of the court in sustaining a demurrer to the declaration was
error.

---

### Otto Hermanson, Plaintiff in Error, v. Louis Shaffer, Defendant in Error.

#### (Not to be reported in full.)

Error to the Circuit Court of Vermilion county; the Hon. MORTON
W. THOMPSON, Judge, presiding. Heard in this court at the April
term, 1913. Affirmed. Opinion filed October 16, 1913.

### Statement of the Case.

Action by Otto Hermanson against Louis Shaffer,
chief of police of the city of Danville, to recover dam-
ages for false imprisonment, it being alleged that de-
fendant imprisoned and detained plaintiff in prison
without reasonable or probable cause. From a judg-

---

*See **Illinois Notes Digest, Vols. XI to XV,** same topic and section number.