J. Wertheimer, Appellee, v. Louis D. Glanz, Appellant.
Gen. No. 37,684.

Opinion filed November 19, 1934. Rehearing denied December 3, 1934.

JACOB LEVY, for appellant; EDWARD MCTIERNAN, of counsel.

BERNARD W. MAGES, for appellee; CLYDE C. FISHER, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff in a trial by the court had a judgment for $600, from which defendant appeals.

Defendant first says that this is an action for fraud and deceit but that the evidence does not support this charge. It is well established that in an action of the fourth class in the municipal court pleadings are not controlling and the rights of the parties are dependent upon the evidence produced at the trial. *Walsh v. Fallis,* 266 Ill. App. 341.

Plaintiff's claim is that defendant, as trustee, wrongfully released a trust deed on real estate given to secure certain bonds, of which plaintiff owned $600 worth which he had bought from defendant's bank.

In the spring of 1927 plaintiff purchased six $100 bonds from the Hatterman & Glanz State Bank; the coupon interest notes attached to the bonds were paid up to November 1, 1932, when payment failed; these bonds were secured by a first mortgage or trust deed conveying to defendant, as trustee, real estate and buildings located at 2921 Pine Grove avenue and at 1100 West 38th street, Chicago, to secure an aggregate issue of $60,000 in bonds.

In December, 1932, and January, 1933, plaintiff called up the defendant over the telephone to inquire about the nonpayment of the interest on his bonds and was told they were having some difficulty with the owner of the property, hence the delay, but that the matter would be taken care of within a certain length of time; subsequently defendant informed plaintiff that Charles C. Stringer, the mortgagor, expected to get his matters adjusted very shortly and that the interest coupons would be paid. Upon investigation it was ascertained that on November 19, 1928, defendant, as trustee, had released to Stringer the lien of the trust deed on the property located at 2921 Pine Grove avenue. Plaintiff again called up defendant and demanded payment of his bonds and was told that his bonds which matured May 1, 1933, could not be paid.

Defendant admits that he released the trust deed as to 2921 Pine Grove avenue without the knowledge of plaintiff. He seeks to justify this action by showing that at the time of the release $30,000 worth of bonds were canceled and $2,000 paid by the mortgagor, so that the total bond issue on 1100 West 38th street was reduced to $28,000. He says that this latter property is worth between $25,000 and $30,000. It also appears that after 2921 Pine Grove avenue had been released, Stringer made a new loan in the sum of $29,000, secured by a new trust deed on this property.

There was evidence tending to show that the Pine Grove avenue property, which had been released, was much more valuable than the other property on West 38th street; that the former property is in what is called the Gold Coast district, north of Lincoln Park, while the 38th street property is very old and in the manufacturing district. Defendant has commenced foreclosure proceedings against both properties.

In *Lennartz v. Estate of Popp*, 118 Ill. App. 31, a similar situation was involved where a trustee had unwarrantably released the lien of a trust deed; it was held that the trustee was liable to the owner of the note for the damages which necessarily followed from his wrongful act. This case was remanded to the trial court but again came to the Appellate Court, as reported in *Lennartz v. Estate of Popp*, 175 Ill. App. 539. Again, in an opinion by Mr. Justice Baume, it was held that a trustee at his peril was bound to know that the indebtedness to the holder of the note was paid before he executed a release of the security. *Moran v. Dennis*, 184 Ill. App. 272, was a suit in assumpsit, based upon the wrongful release of a mortgage. *Sherwood v. Saxton*, 63 Mo. 78, involved a case where a trustee wrongfully released a trust deed. The opinion says that the trustee in a deed of trust to secure an indebtedness is the agent of both parties, debtor and creditor, and his duties must be performed with the strictest impartial-

ity and integrity; that if he is guilty of a breach of trust or an abuse of his discretionary powers he will be personally responsible to the party injured, and that he would not be justified in releasing any security unless it would be clearly to the advantage of the *cestui que trust*. The opinion also says that while proceedings against the trustees have generally been in equity, yet where the trustee is personally liable for the abuse of his powers or a breach of trust and the party injured demands damages, he may proceed in a court at law.

We think it is evident that it was to the hurt of the plaintiff and other bondholders when the trustee released the more valuable of the two properties, leaving as security only the poorer property which, by the defendant's own showing, is not worth the amount of the mortgage indebtedness. Clearly this was a breach of trust on the part of the trustee.

Defendant argues that plaintiff has sustained no damage because he has a right against Charles Stringer, the mortgagor, and that from what appears in the record Stringer is able to pay the amount of the notes held by plaintiff. A similar point was made in *Lennartz v. Estate of Popp*, 175 Ill. App. 539, *supra*, where the record contained no evidence to show the insolvency of the makers of the note. The court held that such evidence was not necessary to establish a prima facie right of recovery in the plaintiff. The law infers damage from every infringement of a right. *McConnel v. Kibbe*, 33 Ill. 175, 179; *Brent v. Kimball*, 60 Ill. 211. The burden was upon the defendant to overcome the prima facie case made by the plaintiff.

We see no reason to disturb the judgment, and it is affirmed. If this judgment is paid by defendant, in fairness the notes should be turned over to him so that he may proceed upon them as he may see fit.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.