In the Matter of Estate of Adeline O'Donnell, Deceased. Adeline J. Strow, Executor of Will of Adeline O'Donnell, Deceased, Appellee, v. Dennis W. Shanahan, Claimant Below, Appellant.

### Gen. No. 46,684.

First District, First Division.

January 9, 1956.

Released for publication February 27, 1956.

Jacob Stagman, of Chicago, for appellant; Erwin H. Greenberg, of Chicago, of counsel.

Campbell, Clithero and Fischer, of Chicago, for appellee.

JUDGE NIEMEYER delivered the opinion of the court.

Claimant, the sole beneficiary of a testamentary trust of which Adeline O'Donnell, deceased (hereinafter called decedent) was the trustee, appeals from an order of the Circuit Court, entered on appeal from the Probate Court, disallowing his amended and alternative claim against the estate of decedent for $6,037.-84—interest on the trust fund at 5 per cent per annum because decedent as executrix of the trustor, and as trustee, did not segregate the funds belonging to claimant or belonging to the estate of the trustor from her personal funds, and as trustee did not keep an account of her administration of the trust and did not invest the trust fund as directed by the will of trustor and according to law, or, for $8,949.37—interest at 10 per cent per annum as provided in section 462, chapter 3, Administration of Estates (Ill. Rev. Stats. 1953 [Jones Ill. Stats. Ann. 110.559]).

By will admitted to probate March 10, 1930 the trustor devised and bequeathed to decedent (his daughter and the aunt of claimant) as trustee the sum of $5,000, or its equivalent in marketable bonds, in trust for the use and benefit of claimant, his grandson, and directed her to keep the trust fund properly invested; to apply the income therefrom, so far as necessary, for claimant's liberal maintenance and education; to add to the principal any excess of the income not so used and to pay the principal and accumulation to claimant when he arrived at the age of 21 years, discharged of all trust.

Decedent qualified as executrix and administered the estate. She closed it December 5, 1940. She accepted the trusteeship and during claimant's minority expended at least $500 for his use and benefit. When he became of age June 14, 1946 she paid $4,500 to claimant's mother for his use and benefit. Decedent died

testate December 8, 1952. Her will was admitted to probate.

Claimant filed a claim against the estate for $6,383—interest chargeable against decedent for delay in transferring the trust fund to herself as trustee, and interest which the trust fund could and should have earned by proper investment. The Probate Court denied the claim. He appealed. March 23, 1954 he filed in the Circuit Court a transcript of the record of the Probate Court and a jury demand. April 20, 1954, on motion of the executrix (hereinafter called defendant), the demand for a jury trial was denied and the jury demand stricken. June 1, 1954, by leave of court, claimant filed the amended and alternative claim, as hereinbefore stated. Defendant answered. A trial was had before the court without a jury. The court found that the amended claim was barred by laches and ordered that, therefore, the claim be dismissed at claimant's costs.

On appeal claimant contends that his claim is an action at law and not a suit in equity; that he is entitled to a trial by jury; that laches is not a defense to an action at law, and that laches was not proved. Defendant's position is that the claim is a suit in equity; that laches is a bar to the claim, and the finding of the court as to laches is supported by the evidence; that claimant waived his right to a jury trial by failure to renew his demand for a jury after amending his claim.

Claimant's right to a trial by jury and defendant's right to assert a defense of laches depend upon the character of the claim filed—whether it is a legal or an equitable claim. The proceedings provided by statute for the presentation and allowance of claims against the estates of decedents are in no proper sense suits or proceedings at law or in chancery, but purely statutory proceedings providing for the prompt and summary presentation, allowance and classification of all just claims against such estates. Grier v. Cable, 159 Ill. 29. Notwithstanding the difference in the proceed-

351

ings when a claim is filed in the Probate Court and when it is prosecuted in another court against a living person or his administrator or executor, the character of the claim is the same. Thus, a right of action at law against a person while living, remains an action of the same nature against his legal representatives, whether prosecuted in the Circuit Court against the administrator or executor or filed in the Probate Court against the estate. Starrett v. Brosseau, 208 Ill. 408, 412. Although the Probate Court is without general chancery jurisdiction, it has equitable jurisdiction in the settlement and allowance of equitable claims. To avoid the delay, expense and embarrassment in the settlement of estates by requiring a resort in the first place to a court of equity, it will proceed *in a case of an equitable character* as though a bill in chancery had been filed and will hear the evidence, investigate the claim and apply equitable rules in determining the judgment. Trego v. Estate of Cunningham, 267 Ill. 367.

An examination of the claim filed and the evidence introduced to support it shows that the gravamen of the claim is the failure of decedent, as trustee, to invest the trust fund as directed by the trustor. The relief sought is a money judgment—interest on the trust fund. This is a proper measure of damages for the breach charged. Mathewson v. Davis, 191 Ill. 391, 398; Story's Eq. Jur. (14th ed.) sec. 1686. This is an action at law, which claimant could have brought against decedent in her lifetime, or against her executrix.

The fact that decedent was a trustee does not convert the claim into a suit in equity. Courts of equity do not have exclusive jurisdiction of all actions against a trustee for breach of trust. 54 Am. Jur., Trusts, secs. 566, 576. In Wertheimer v. Glanz, 277 Ill. App. 389, and Sampson v. Glanz, 302 Ill. App. 624, this court affirmed judgments at law against the trustee for breach of trust in releasing part of the mortgaged

352

property. In Lennartz v. Estate of Peter Popp, 118 Ill. App. 31, p. 35, the court upheld a claim for damages filed against the estate of a deceased trustee for a similar breach of trust, and said, "Where the *cestui que trust* elects to hold the trustee personally responsible, or where that is his only remedy, as in the case here, and the trustee is dead, his position as to the estate of the trustee is that of a simple contract creditor with a naked claim for damages arising out of the breach of the trust. Lathrop v. Bampton, 31 Cal. 23." This case was cited in Wallace v. Malooly, 4 Ill.2d 86, where the court said (p. 98), "It is a well settled principle in equity that where a trustee commits a breach of trust and becomes liable to his *cestui que trust,* the latter has the option of following the property into the hands of the purchaser if he takes it with notice, or to recover the amount he has been injured. (Piff v. Berresheim, 405 Ill. 617, Lennartz v. Estate of Popp, 118 Ill. App. 31.)"

██ The claim being one cognizable in a court of law, claimant was entitled to a trial by jury. Defendant insists that he waived this right by not renewing his demand after he filed the amended claim. No authorities are cited or reasons stated for this contention. The amended claim, like the original claim, was for interest on the trust fund because of decedent's failure to invest it, and an action at law. There was no waiver of the right to a jury.

██ The claim being a legal and not an equitable claim, defendant cannot invoke the defense of laches. In Freymark v. Handke, 415 Ill. 360, p. 366, in speaking of laches, the court said, "It has been defined to be such a neglect or omission to assert a right, taken in conjunction with lapse of time of more or less duration, and other circumstances causing prejudice to an adverse party, as will operate as a bar in a court of equity." The defense is not available in an action at law, 19 Am. Jur., Equity, sec. 490. The statute of limi-

353

tations had not run against the claim. The trial court erred in holding that laches of claimant barred his claim. This conclusion makes review of the evidence as to laches unnecessary.

As the trial court disallowed the claim because of laches, we cannot review the evidence or express an opinion as to the merits of the claim.

The order is reversed and the cause remanded for further proceedings in accordance with the views expressed herein.

Reversed and remanded.

FRIEND, P. J. and BURKE, J., concur.