## James H. Nolan, Appellee, v. Michael O'Sullivan, Appellant.

### Gen. No. 14,549.

1. INSTRUCTIONS—*must not assume facts in dispute.* An instruction is erroneous which assumes the existence of an oral agreement which was a fact in dispute.

2. INSTRUCTIONS—*must be predicated upon evidence.* An instruction which is not based upon any evidence in the cause should be refused.

3. CONTRACTS—*effect of verbal agreement to draft.* If it was the understanding and intention of the parties to draft and sign a written contract covering their oral agreement, the oral agreement without being reduced to writing and signed is not binding and enforceable.

4. EVIDENCE—*when custom incompetent.* It is not competent to show that there were certain usual and customary terms and provisions put into contracts of the character of the one sued on when nothing was said between the parties on that subject or when what was said did not relate to any such provisions expressly or by implication.

Assumpsit. Appeal from the County Court of Cook county; the Hon. ROLLAND A. RUSSELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed May 11, 1909.

MILES J. DEVINE, for appellant; JOHN T. MURRAY, of counsel.

W. A. MARROW, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellant, Father O'Sullivan, appeals from a judgment of the County Court against him and in favor of James H. Nolan, for $500.

In July, 1905, appellant was the parish priest of the Roman Catholic Parish of St. Bridget, on Archer avenue, Chicago, and was engaged in erecting a parish church building. Appellee was at that time engaged in the stone business at Stinerville, Indiana. He sent

to the architects a written bid to furnish the stone work for the building, and subsequently a revised bid to do the work for $6,840. He received, he states, a note from the architects requesting him to call on Father O'Sullivan, and claims that the priest gave him an oral contract for the stone work at $6,700. This is denied by Father O'Sullivan.

The contract for the work was awarded by the architects to Edwards & Ward. Thereafter appellee, claiming to have been injured by not obtaining the contract, brought this action to recover damages for the breach of the contract.

As the judgment must be reversed and a new trial awarded for errors in instructions, we refrain from discussing the evidence and from expressing any opinion thereon.

The court gave to the jury the following instruction at the request of appellee:

"The court instructs you that, although you may believe from the evidence that it was customary to reduce contracts of the character of the one in question to writing, yet you should not conclude therefrom that the parties in this case intended that the said contract in question was reduced to writing and was signed by them, from the mere fact that such a custom existed. Whether or not it was the understanding, intention or agreement of the parties that said contract should not be complete or binding on them until the same was reduced to writing and signed, is a question of fact to be determined by you, and in determining the same you should not take into consideration any one particular fact or circumstance, or set of facts or circumstances to the exclusion of other facts or circumstances proven in the case bearing thereon; but in determining said fact you should take into consideration all the testimony, evidence and circumstances in the case, and if, after a full and fair consideration thereof, you should believe and find that it was not the understanding, intention or agreement of the parties that said contract should not become binding until the same was reduced to writing and signed, then you will find that

the fact that said contract was not reduced to writing and signed would not render it invalid or non-enforceable, even though you may further believe that it was the understanding and intention of the parties to draft and sign a written contract covering their oral agreement."

The instruction assumes that there was an oral agreement made between appellee and appellant. This is the material fact in issue in the case.

In the second place, it is not the law that if it was the understanding and intention of the parties to draft and sign a written contract covering their oral agreement, the oral agreement, without being reduced to writing and signed, was binding and enforceable. The agreement to have the contract reduced to writing and signed, before it became a contract between them, was a condition precedent to a consummation of the contract between the parties. The instruction is misleading and states an erroneous proposition of law.

The court gave the following instruction at the request of appellee:

"You are instructed, as a matter of law, that such customs as are universally known to exist, enter into and form a part of every contract to which they are applicable, although they are not mentioned or alluded to in the contract as expressed, and the parties entering into a contract are supposed to contract with reference to the known usages and customs pertaining to the business or subject matter to which the contract relates, unless such presumption is rebutted by the express agreement itself. And in this case, although you may believe from the evidence that if a written contract for the furnishing of said cut stone had been drafted, it would have contained terms and provisions not contained or mentioned in the plans and specifications for said cut stone work and not expressed in the verbal agreement of the parties, yet you should not conclude therefrom that said contract in question in this case, which plaintiff is seeking to establish, was not complete or had not been consummated or that the same could not be considered or held to be complete

and binding until reduced to writing and signed, because of the fact that the same, had it been reduced to writing, would have contained terms and provisions not contained or mentioned in the plans and specifications for said cut stone work, nor expressed in the verbal agreement of the parties; providing you believe from the evidence that the said terms and provisions which would be contained in said contract had the same been reduced to writing, and which were not contained in the plans and specifications nor expressed in the verbal agreement of the parties, were the usual and customary terms and provisions put in all contracts of the character of the one in question, and that it was the universal custom to put such terms and provisions in all such contracts, as it will be presumed, under such a state of affairs, if you believe from the evidence the same exists, that said parties assented to said terms and provisions, and that the same were in the contemplation of said parties at the time said verbal agreement was made and that said parties contracted in reference thereto.''

This instruction is not based on the evidence in the case. It refers to usual and customary provisions contained in all contracts of the character of the one in question, but not contained or mentioned in the plans and specifications for said cut stone work, ''and not expressed in the verbal agreement of the parties,'' but no evidence was introduced as to the usual and customary terms or provisions put in all contracts of the character of the one in question. The jury were left to imagine and speculate as to such terms and provisions, and as to the custom.

The court and jury had nothing to do with terms and provisions not expressed in the oral agreement, if there was one, for that was the agreement sued on.

In an action for breach of an oral agreement it is not proper to establish the agreement by evidence of the usual and customary terms and provisions put in all contracts of the character of the one sued on when nothing was said between the parties on that subject, or when what was said did not relate to any such pro-

visions expressly or by implication. There is no presumption, as stated in the instruction, that the parties assented to said terms and provisions, when nothing appears from the conversation that the parties had such provisions in mind, or intended to embody them in their agreement. Such provisions and terms are not the subject-matter of a general custom which enters into contracts. In our opinion the instruction is erroneous.

For the errors indicated the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*