## National Union Building Association, Appellant, v. George Knab, Appellee.

### Gen. No. 17,057.

LANDLORD AND TENANT—*when no rental contract made.* No rental contract exists where, from conversations contemporaneous with the making of a written proposition by defendant and the fact that a lease was subsequently submitted, it is clear that the parties contemplated that a formal agreement should be drawn up and signed as a condition precedent to the completion of a contract, and, though plaintiff's agent stated that defendant's proposition was accepted, a lease was submitted to defendant which he did not accept, containing additional and different terms from those in his written proposition.

Appeal from the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed March 4, 1913.

National Union Bldg. Assn. v. Knab, 177 Ill. App. 649.

SCOTT, BANCROFT & STEPHENS, for appellant.

DELBERT A. CLITHERO and JAMES H. DUNN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This was an action to recover rent and judgment was for defendant. Plaintiff's evidence alone discloses that there was no contract. Johnson, chairman of its renting committee, testified that he had negotiations with defendant with reference to his renting a store from plaintiff; that defendant wanted to put in a lunch counter; that plaintiff objected to a restaurant; that he told defendant that he would submit the matter to the renting committee and to make a proposition in writing, which defendant did in the following letter:
"MR. JOHN JOHNSON,
DEAR SIR:
In regard to the store at 66 Adams street. I agree to take same for a lunch room at $5,000 per year for a term of 7 years. I agree to keep same well ventilated and free from odors. Will keep same open day and night and keep an exhaust fan running at all times. * * * For reference call on the following people: (Here follow names of the parties referred to.)
Please send reply as soon as possible.
                        Yours truly,
                                    GEO. KNAB."
Johnson testified that after its receipt he called up the persons referred to in the letter, submitted it to the renting committee, called up Knab and told him his proposition had been accepted; that Knab replied, "All right, make out the lease;" that it was made out and left at Knab's office and returned a few days later; that he did not hear from Knab thereafter, never gave him a key or possession of the premises but rented the same to other parties a month or so afterwards; and did not demand rent from defendant for two years.

The defendant's testimony is not materially different except in this that after receiving the lease, he told Johnson that he could not sign it with a certain clause in it and that Johnson said they would not make any change in it, and this testimony was not disputed.

It is too plain for discussion that there was no meeting of minds between the parties, and hence no contract. The acceptance of defendant's proposition was not unconditional. The contemporaneous talk about a written lease and the subsequent submission of one render it clearly a case where the parties negotiating a contract contemplated that a formal agreement should be drawn up and signed as a condition precedent to its completion, and it would not be a contract until that was done. Amer. & Eng. Ency. of Law, vol. 7 (2nd Ed.) p. 140. As said in the case of Baltimore & O. S. W. R. Co. v. People, 195 Ill. 423, "the parties did not on the day of the acceptance assent to all the terms of the contract, but the approval of the contract itself was reserved for future action." The lease submitted not only contained many additional clauses and conditions but terms different from those in the letter, especially as to the payment of rent which it required to be paid monthly in advance. The very fact that plaintiff submitted a different proposition in the form of a lease indicates that there never was an unconditional acceptance of the proposition on its part.

The judgment will be affirmed.

*Affirmed.*