# Amelia Dupuis, Appellee, v. Harry Kipnis et al., Appellants.

## Gen. No. 6,739.

1. APPEAL AND ERROR, § 994*—*when denial of leave to file plea not before court.* On appeal the action of the trial court in denying a motion for leave to file a plea of the Statute of Frauds is not before the court where the application for leave to file such plea, the showing made on the motion and the ruling of the court thereon are not preserved in the bill of exceptions.

2. APPEAL AND ERROR, § 742*—*improperly filed plea not part of common-law record.* The action of the clerk below in filing a plea which the court refused leave to file does not make such plea a part of the common-law record.

3. LANDLORD AND TENANT, § 35*—*when person not signing lease bound.* When one party to a lease has executed it and the other party has accepted it, the latter is bound by its terms and conditions as completely as if he had signed the paper, even though he did not in fact sign it.

4. APPEAL AND ERROR, § 1392*—*what questions raised by motion to direct a verdict.* The refusal of a motion by defendants, asked at the close of all the evidence, to direct a verdict in their favor raises on appeal the question whether there is any evidence in the record to warrant a verdict for plaintiff.

5. TENDER, § 7*—*when insufficient.* In an action to recover rent, a plea of tender is insufficient where the amount tendered was the rental of the premises for two months and did not include the costs accrued up to the time of the filing, which was long after the action was commenced and issues had been joined, and there was evidence of defendants' having left property on the premises for part of another month which would have warranted a finding by the jury that they had thereby occupied the premises for such additional time.

6. APPEAL AND ERROR, § 1303*—*what presumed in favor of verdict.* Where, on appeal by defendants, the denial of a motion for a new trial is not assigned as error, it must be assumed that where the evidence for plaintiff and for defendants was conflicting the jury were warranted in finding for plaintiff.

7. LANDLORD AND TENANT, § 40*—*when delivery of lease to lessee not essential to validity.* Where the lessees of premises have signed the lease and delivered it to the lessor who has delivered the pos-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

session of the premises to them and they have accepted such possession and the lessor has signed the lease, it is not essential, to render the lease binding on the lessees, that it shall have been delivered back to them.

8. LANDLORD AND TENANT, § 41*—*what constitutes taking possession under lease.* The act of one who, after signing as lessee a lease which provides that he shall not sublet without the written assent of the lessor, except to a certain tenant then in possession, notifies such tenant that he can remain if the lessor sees fit and notifies other tenants to move, authorizing one of them to remain until he can find another place, amounts to taking possession of the premises under the lease.

Appeal from the Circuit Court of Carroll county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 9, 1920.

J. L. BREARTON, for appellants.

F. J. STRANSKY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Amelia Dupuis brought this action of debt against Harry Kipnis and Mildred Kipnis, his wife, to recover rent from April 1, 1918, to February 1, 1919, under a lease dated March 27, 1918, whereby it was alleged that plaintiff demised to defendants certain real estate described, located in Savanna, Carroll county, from April 1, 1918, to April 1, 1921, at $45 per month. The suit was begun on February 7, 1919, and the declaration charged the nonpayment of rent for the months above specified. The lease was made a part of the declaration. Defendants filed a plea, alleging that they signed the lease and delivered it to plaintiff for her to sign and deliver to them, and that she did not sign it and did not deliver it to them, and that they made repeated demands therefor, which she refused, and that before plaintiff had signified her intention to sign and deliver the lease and before she did deliver the lease to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendants, they notified plaintiff withdrawing their offer to lease the premises and refused to accept the lease, and that thereafter the defendant, Harry Kipnis, vacated that part of the premises which he had occupied as a tenant from month to month prior to April 1, 1918; so that said lease is not the written obligation of the defendants. This plea concluded to the country and plaintiff added a *similiter.*

Thereafter, by leave of court, plaintiff filed the consolidated common counts. Defendants then filed, a plea of tender and of nonassumpsit in one consolidated plea, on which plaintiff joined issue. Afterwards there was a jury trial and a verdict for plaintiff for the sum of $325. Thereafter defendants asked leave to file a plea of the Statute of Frauds, which motion was denied, but the plea was filed by the clerk. The application for leave to file said plea, the showing made on that motion, the ruling of the court thereon and the plea, are not preserved in the bill of exceptions and therefore are not before the court. The action of the clerk in filing the plea which the court refused leave to file does not make the plea a part of the common-law record. A motion for a new trial was denied, judgment was entered on the verdict and defendants appeal.

In the transactions herein involved, John Leu acted as agent for the plaintiff, his mother, and Harry Kipnis acted also for his wife. Kipnis was a junk dealer and had been in possession of a portion of these premises as a tenant of plaintiff from month to month at $12.50 per month. Other portions of the premises were occupied by other tenants from month to month. Kipnis wanted to rent the entire premises for 3 years. Negotiations between Kipnis and Leu caused a lease to be prepared by plaintiff's attorney and taken to the attorney for defendants, who made changes. The lease was then signed by Harry Kipnis and he took it home to his wife and she signed it, and it was then de-

livered to Leu, to obtain his mother's signature. The pleadings described it as one lease and the witnesses generally so called it, but it seems that in fact it was executed in duplicate and both originals were given to Leu to obtain his mother's signature. She signed it at some time to be hereafter discussed. It was not immediately returned to Kipnis. Kipnis asked Leu for it more than once, and finally told Leu that they would not take the premises unless the lease was delivered to them, and claims fixed Monday, April 15, as the last day on which they would accept the lease. It is a disputed question whether or not Leu tendered the lease to Kipnis on the day or two or three days later. When it was tendered, Kipnis refused to receive it, and about the 1st of June he removed from the premises and he paid no rent under the lease.

It is the contention of the defendants that it was necessary that the lease should be signed by plaintiff and delivered to them, and that until it was so delivered back to defendants the lease signed by them was a mere offer on their part from which they had a right to withdraw. Plaintiff contends among other things that she accepted the lease and also that she signed it before they attempted to withdraw and also that Leu tendered the lease to Kipnis before the latter attempted to withdraw from the contract. It seems to be well settled in this State that when one party has executed such a paper and the other party has accepted it, the latter is bound by its terms and conditions as completely as if he had signed the paper. Among cases so holding are *Ames v. Moir,* 130 Ill. 582; *Memory v. Niepert,* 131 Ill. 623; *Forthman v. Deters,* 206 Ill. 159; *Miers v. Charles H. Fuller Co.,* 167 Ill. App. 49, on p. 56. In *Memory v. Niepert, supra, Lowber v. Connit,* 36 Wis. 176, is cited as supporting this proposition. It is clear that plaintiff did accept the contract, and under these authorities she had a right to enforce the lease against defendants.

Defendants argue that the preponderance of the evidence should have brought the jury to a different conclusion on several questions, but, as the record is here presented, their right to question the findings of the jury on questions of fact is very limited. The assignments of error here do not question the overruling of the motion for a new trial. Defendants did ask an instruction directing a verdict in their favor at the close of all the evidence, which was refused, and that properly raised the question whether there is any evidence in the record to warrant a verdict for plaintiff. The plea of tender admitted $25 due plaintiff. That plea was insufficient. It was filed long after the suit was begun and long after issues had been joined and it did not tender the costs accrued up to the time of filing the plea of tender. Again, it was only tender of the rent of the premises originally occupied by Kipnis as a tenant from month to month and it was only for the months of April and May, 1918, whereas the proof shows that when Kipnis moved out about June 1, 1918, he left upon the premises paper amounting to from one-half a ton to 2 or 3 tons and also some junk, which junk he afterwards removed, so that the evidence warranted the jury in finding that he occupied even those premises for a part of June. The court therefore properly denied said instruction. As the denial of the motion for a new trial is not assigned for error, we must assume that where the evidence for plaintiff and for defendants was conflicting, the jury were warranted in finding for plaintiff. Leu and Kipnis met at Williamson's garage. There is evidence tending to show that this was on Saturday, April 13, or Sunday, April 14. There is other evidence that that meeting was one week earlier. There is evidence that plaintiff had signed the lease before that meeting and that Kipnis was then notified that the lease had been signed. There is other evidence that the lease was not signed until later and that Kipnis was not so notified until

later.  Kipnis claims that he had notified Leu that he would withdraw from the contract unless the lease was delivered to him on Monday, April 15, and that it was not so delivered.  There is other evidence that the statement by Kipnis was not so imperative and that the lease was tendered by Leu to Kipnis on Monday, April 14, and that Kipnis then refused to receive it, and also that before April 16 it was taken to his office, but not left there because he was not there.  The lease provided that defendants should not underlet without the written assent of plaintiff, except to the present tenant in the store building.  There is evidence in the record that after defendants had executed the lease and delivered it to Leu and Leu had taken it to his mother and she had accepted it and perhaps signed it, Leu told the tenant in the store building that arrangements had been made so the defendants could let him stay in that store if they saw fit and that Leu notified the other defendants that they must get out; that Kipnis then notified the tenant in the store building that he could stay, and notified the other tenants that they must move, and that when one of them said he would move as soon as he could find another place, Kipnis told him that would be all right.  Some of this evidence is denied and some of it is not, but we must assume that the jury found the above facts established.  In other words, Kipnis did that which amounted to taking possession of all of the premises described in the lease.  The question then is whether, when the lessees have signed the lease and delivered it to the lessor, and the lessor has delivered possession of the premises to the lessees and the lessees have accepted such possession, and the lessor has signed the lease, is it essential to bind the lessees that the lease should be delivered back to the lessees.  Have they under such circumstances such a legal right to the possession of the lease that until it is delivered to them, they can withdraw from the contract?  We are of opinion that un-

der the principles stated in the cases above cited and under well-recognized rules of law, the tenants are bound. If error had been assigned upon the overruling of the motion for a new trial, we see no reason to disturb the verdict of the jury, approved by the trial judge, but without that assignment of error it is clear in our opinion that the verdict cannot be disturbed.

The judgment is therefore affirmed..

*Affirmed.*

MR. JUSTICE HEARD took no part.