SAM BRUNER, Appellee, *vs.* THE GRAND TRUNK WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1925—Rehearing denied Feb. 5, 1926.*

1. CARRIERS—*when initial carrier is liable for damages after re-consignment.* Under the Carmack amendment to the Interstate Commerce act the initial carrier is liable for damages occurring while the shipment is in charge of a connecting carrier, and where the initial carrier, after delivering the goods in good condition, accepts an order from the consignee to re-consign the shipment to the same consignee at another destination the initial carrier will be liable for damage to the goods after the re-consignment, where the freight charges for the entire journey are paid and the car is delivered to another carrier and forwarded on the original bill of lading issued by the initial carrier.

2. SAME—*when suit against carriers may be treated as in tort.* In actions of the fourth class in the municipal court no written pleadings are required, the rules being the same as govern actions before justices of the peace; and where the suit is in contract against carriers as joint defendants, the action, being to recover damages for negligence in the shipment of goods, may be treated as in tort and judgment entered against either defendant.

3. NEGLIGENCE—*when appellee cannot complain that judgment was less than damages.* Where the abstract shows that judgment was rendered on motion of the plaintiff and does not show that it was rendered for a less amount than was claimed as damages, the plaintiff, assigning cross-errors as appellee in the Supreme Court, cannot complain that the judgment was for a less sum than the damages sustained.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. FRANCIS BORRELLI, Judge, presiding.

KRETZINGER, KRETZINGER & SMITH, for appellant.

H. C. LUST, and MADDOCK, JAFFE & GREEN, for appellee.

Mr. Justice Farmer delivered the opinion of the court:

The appellant was granted a certificate of importance and an appeal from a judgment of the Appellate Court affirming a judgment of the municipal court of Chicago in a suit of the fourth class brought in that court by Sam Bruner against the Grand Trunk Western Railway Company. The parties will be referred to as plaintiff and defendant. The plaintiff recovered a judgment against defendant for $480.85, from which the defendant prosecuted an appeal to the Appellate Court, which court affirmed the judgment. The plaintiff's statement of claim in substance alleged plaintiff is holder of a bill of lading issued November 9, 1920, by defendant for shipment of a car of apples delivered in good condition, which defendant and the Soo Line agreed to safely carry from Gooding, Michigan, to Oshkosh, Wisconsin; that the apples were not safely transported but when delivered were damaged. The affidavit of defense denied the apples were delivered to defendant and the Soo Line in good condition and that defendant agreed to transport them from Gooding to Oshkosh, and avers it issued its bill of lading on November 9, 1920, to I. Kramer for the transportation of the car of apples, consigned to the Northern Produce Company, in Chicago; that after the car had arrived in Chicago the consignee directed defendant to ship it to Oshkosh, and therefore defendant delivered the car to the Soo Line, and it was by that road, with due and proper care, delivered at Oshkosh, and defendant denied the apples were damaged.

The facts proved are that plaintiff was in Chicago on November 16, 1920, examined the car of apples then on the team-track and bought them from the Northern Produce Company, to whom they were consigned, and the car was re-consigned to the Northern Produce Company at Oshkosh, Wisconsin. Plaintiff paid $150 cash at the time, paid the balance when the car arrived at Oshkosh, and surrendered the bill of lading to the Soo Line. The car was re-

consigned by defendant's agent to the Northern Produce Company at Oshkosh via the Soo Line, with instructions to notify plaintiff. The diversion order contained the statement, "Protect through rate,   *   *   *   charges follow," signed, "Northern Fruit & Produce Company." No new bill of lading was issued by defendant. The car of apples arrived at Oshkosh November 23. Plaintiff testified when he examined the apples in Chicago they were in perfect condition, but when they arrived at Oshkosh they were wet, frozen and more than half of them worthless. There were 500 bushels of apples in the car. The market value of bulk apples in good condition was from $2.75 to $3 per bushel. He lost 300 to 350 bushels. He was corroborated by Louis Susman, who testified he was with plaintiff when he inspected the apples in Chicago and when he received them in Oshkosh.

The re-consigning rules of defendant, approved by the Interstate Commerce Commission, were introduced in evidence and are as follows:

"Rule 33.—Re-consignment on fruits and vegetables means (a) a change in consignee, a change in route or a change in destination, made while the shipment is in transit to its billed destination, also if made after arrival at the billed destination, provided this latter change involves a movement beyond the billed destination.

"Rule 34.—Except as provided in Rule 36, each car will be charged at the through rate from original point of shipment to final destination in effect on date of shipment from point of origin, provided initial road's tariffs lawfully on file with the Interstate Commerce Commission on interstate traffic, and with the Canadian Railway Commission and other railroad commissions as to traffic subject to their jurisdiction, grants the privilege."

Plaintiff paid the entire freight for the shipment from Gooding to Oshkosh at the time the apples were delivered there. The Soo Line was made a defendant with the Grand

Trunk Company. The case was tried before the court without a jury. Each railroad company moved the court for a finding and judgment in its favor. Neither of them offered any testimony. The court allowed the motion of the Soo Line for judgment in its favor but denied the motion of the Grand Trunk Company and rendered judgment against it for $480.85.

Defendant contends that at the time the re-consigning order was given to and accepted by it, it had performed all the duties imposed upon it by law as a common carrier by delivering the car of apples in good condition to the consignee at Chicago, where plaintiff, after inspection, bought them from the consignee, and that in delivering the car to the Soo Line defendant acted as a forwarder and not a carrier. The re-consignment rules provided for a change in consignee, a change in route or in destination while in transit, and also after arrival at its billed destination. Through rate from the original point of shipment will be charged to final destination. Defendant accepted the diversion order and forwarded the shipment. The consignee at Chicago paid no freight there, but all freight charges from Gooding to Oshkosh were paid there by plaintiff. The bill of lading was not produced and offered in evidence. It was surrendered by plaintiff to the Soo Line when the car was delivered to him, and notice was served on defendant to produce it, but it did not do so. It is not claimed a new bill of lading was issued by the defendant for the transportation from Chicago to Oshkosh.

The important question presented is whether under the Carmack amendment to the Interstate Commerce act defendant is liable as the initial carrier of the shipment from Gooding, Michigan, to Oshkosh, Wisconsin. Under that amendment the initial carrier is liable for damages occurring while the shipment is in charge of a connecting carrier, even though a change in the destination has been made with the initial carrier's consent. (*Gamble-Robinson Com-*

*mission Co. v. Union Pacific Railroad Co.* 262 Ill. 400; *Terranova* v. *Southern Pacific Railroad Co.* 200 N. Y. Sup. 309.) In *Gulf, Colorado and Santa Fe Railway Co.* v. *Texas Packing Co.* 244 U. S. 31, the Supreme Court held that where a shipment is re-consigned after arriving at the original destination but the bill of lading is not changed, and the carrier accepts instructions to re-consign it and forwards the shipment under the original bill of lading issued by it, such carrier is liable for any loss caused by the connecting carrier. Defendant in this case accepted an order from the consignee to re-consign the shipment to the same consignee at Oshkosh. No new bill of lading was issued but the car was shipped on the original bill issued by defendant. No freight charges were paid by the consignee in Chicago but were paid by plaintiff from Gooding, Michigan, to Oshkosh when the car was delivered there. The law and the evidence warranted the conclusion that defendant was liable.

Defendant insists the suit was in contract against joint defendants, and the judgment should have been against both defendants or neither. This contention the Appellate Court held was not tenable as the action was of the fourth class to recover damages for negligence and may be treated as in tort. No written pleadings are required, and the rules applicable are the same as govern actions before justices of the peace. That holding is in accordance with *Edgerton* v. *Chicago, Rock Island and Pacific Railway Co.* 240 Ill. 311.

It is further contended the proof did not show the apples were in good condition at the point the shipment originated. According to the proof the apples were in good condition when inspected in Chicago, so they must have been in good condition at Gooding, Michigan, the origin of the shipment. When the apples were received at Oshkosh they were frozen and in bad condition. The conclusion must be that the damage occurred after the apples were inspected by plaintiff in Chicago. The proof, in the absence of any

evidence to the contrary, established that the damage occurred during the movement from Chicago to Oshkosh.

Plaintiff has by the assignment of cross-errors raised the objection that the judgment is for a less sum than the evidence showed he had sustained as damages. The abstract shows the judgment was rendered on motion of plaintiff and does not show it was rendered for a less amount than he claimed. We think he is in no position to complain that the judgment was for a less sum than the damages he sustained.

We are of opinion the judgment is sustained by the law and the evidence, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*