August Salduskas, Appellee, v. J. Robin, Appellant.

Gen. No. 32,703.

Opinion filed October 11, 1928.

HERMAN P. HAASE, for appellant.

THOMAS O'NEILL and JOHN T. ZURIS, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is a fourth-class case. Plaintiff's statement of claim reads as follows:

"Plaintiff alleges that there is due and owing to him the sum of one hundred dollars as earnest money on a contract for the sale of certain real estate; that defendant gave plaintiff his check for the said sum of one hundred dollars, but that said check was returned by the bank on account of not sufficient funds, which check plaintiff is prepared to exhibit on the trial of this cause; to the damage of the plaintiff in the sum of one hundred dollars, wherefore he brings this suit."

The sole error relied upon for reversal is the insufficiency of the statement of claim to support the judgment.

Section 40 of the Muncipal Court Act, Cahill's St. ch. 37, ¶ 428, provides that the statement filed in a fourth-class case of contract "shall consist of a statement of the account or of the nature of the demand."

While we agree with the contention that there is not an averment of sufficient facts in the statement in

question upon which to predicate a legal cause of action or from which the precise nature of the demand can even be inferred, yet, as defendant went to trial upon said statement and took no steps, as far as the record discloses, to procure a more definite one, he evidently understood the nature of the demand and will be precluded after trial from contending that he did not. The question is not to be decided under our Practice Act, Cahill's St. ch. 110, or the rules of common-law pleading.

While there has not been entire uniformity in the decisions bearing upon this question, their recent trend seems to be that where, as here, it does not appear that a party defendant in an action of the fourth class of the municipal court has been deprived of any right with respect to the pleadings required under its rules in such a case, and the defendant sees fit to go to trial without objection to the sufficiency of the statement of the demand, he will be presumed to understand its nature and will not be permitted after trial to question its sufficiency for the first time, unless it clearly appears from the proceedings that he was so misled thereby as not to be able to present a legal defense he might have to the actual claim sought to be prosecuted against him. (*Enberg v. City of Chicago,* 271 Ill. 404; *Lyons v. Kanter,* 285 Ill. 336; *Shar v. Robinson,* 298 Ill. 181; *Bruner v. Grand Trunk Western Ry. Co.,* 319 Ill. 421).

But nothing of that kind appears in this case. There is no bill of exceptions and the order of judgment recites that the cause came on in the regular course of trial before the court without a jury; that the parties were present, and that the court heard evidence and arguments of counsel. It must be presumed from the record, therefore, that defendant fully understood the nature of the demand he was called upon to meet, and went to trial prepared to meet it.

The judgment is affirmed.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.