Michael J. Walsh, Appellee, v. James P. Fallis, Appellant.

Gen. No. 35,493.

Opinion filed May 4, 1932. Rehearing denied May 20, 1932.

Rosen, Francis & Rosen, for appellant.

William A. Rogan, for appellee; William C. Burns, of counsel.

Mr. Justice Wilson delivered the opinion of the court.

The plaintiff Walsh recovered a judgment for rent against the defendant in the municipal court of Chicago. The cause was tried before a jury, resulting in a verdict in favor of the plaintiff and judgment was entered on the verdict and an appeal prayed and allowed.

Plaintiff's statement of claim alleged that plaintiff was the owner of a building at 1429 Farwell avenue, Chicago; that on September 3, 1929, he entered into a written lease with the defendant Fallis for an apartment in said building, which ran from October 1, 1929 to and including September 30, 1930, at a rental of $85 per month in advance; that about 40 days prior to September 30, 1930, defendant requested that he be given an extension of his lease for a period of seven months at a rental of $80 per month, provided certain repairs and decorations were made in said apartment; that thereupon plaintiff agreed to make the repairs and do the decorating if defendant would take a seven months' extension to the said lease; that he made the repairs and did the decorating, but that defendant moved out September 30, 1930, and is now indebted to the defendant for the month of October and the month of November.

Plaintiff testified that he called upon the defendant about 40 days prior to October 1, 1930, and asked him if he wanted to enter into a new lease and the defendant said yes, if he would get a reduction, and it was agreed that $80 would be satisfactory and that the lease was to be for seven months. He testified further that they agreed upon what the decorating was to con-

sist of and that he did wash the walls and woodwork and cleaned the bedroom paper; that $80 a month was agreed upon as the rent to be paid; that he prepared a lease and delivered it to the defendant on or about September 15; that the lease was not signed or returned by the defendant and that the defendant moved out September 30.

Defendant testified that he had a talk with the plaintiff and requested a year's lease at $80 per month with a month's concession, which the plaintiff refused, and that the defendant then stated that he would consider a six months' lease with certain decorations and that the plaintiff refused to give him a six months' lease; that the defendant made no other proposition to the plaintiff and that plaintiff then left.

The action was one of the fourth class in the municipal court in which no particular form of pleading is required. Nevertheless, plaintiff filed a statement of claim based upon the lease given to the defendant and which the defendant failed to sign. In actions of the fourth class in the municipal court of Chicago the pleadings are not controlling and the rights of the parties are dependent upon the evidence adduced at the trial. *Edgerton v. Chicago, R. I. & P. Ry. Co.,* 240 Ill. 311; *Bruner v. Grand Trunk Western Ry. Co.,* 319 Ill. 421.

If the question were only one of pleading, we would not be disposed to disturb the judgment. The proof, however, bears out the statement of claim. Plaintiff's evidence clearly discloses the fact that there was a discussion concerning the preparation of a lease at a price different from that under which the defendant was in possession; that this new lease was prepared by plaintiff and presented to the defendant for his acceptance and signature; that the defendant failed to sign the lease and moved out and delivered up possession before the expiration of his original lease.

The term being for less than a year, a written lease was not necessary and plaintiff could have recovered if there had been a parol agreement between the parties for renting for a specified period at a set price. There is no evidence of any parol letting, but, on the other hand, the evidence clearly indicates that there was to be a lease prepared and under such circumstances the rule is well settled that there must be an acceptance before it becomes binding.

*Henderson v. Virden Coal Co.,* 78 Ill. App. 437; *Baragiano v. Villani,* 117 Ill. App. 372; *Dupuis v. Kipnis,* 217 Ill. App. 254, and other cases cited are not in point. In these cases it appears that something was done by the party named in the lease which constituted an acceptance of the agreement. In the case at bar nothing was done by the defendant, but, on the other hand, there was an express repudiation of the terms of the lease by the giving up of possession. If it was the intention of the parties to draft a written lease covering their future status then the oral agreement was not binding unless reduced to writing and signed. *Nolan v. O'Sullivan,* 148 Ill. App. 316. As was said in the case of *National Union Bldg. Ass'n v. Knab,* 177 Ill. App. 649:

"It is too plain for discussion that there was no meeting of minds between the parties, and hence no contract. The acceptance of defendant's proposition was not unconditional. The contemporaneous talk about a written lease and the subsequent submission of one render it clearly a case where the parties negotiating a contract contemplated that a formal agreement should be drawn up and signed as a condition precedent to its completion, and it would not be a contract until that was done. Amer. & Eng. Ency. of Law, vol. 7 (2nd Ed.) p. 140." To the same effect are the holdings in the cases of *W. T. Grant Co. v. Jaeger,* 224 Ill. App. 538; *Scott v. Fowler,* 130 Ill. App. 172.

The record discloses that this point was saved by the defendant by a motion in writing for a new trial.

Counsel for plaintiff contends that after verdict every intendment should be indulged in in favor of the statement of claim. With this we agree, but, as already stated, the evidence disclosed that the plaintiff was relying upon the written lease and not any oral agreement between the parties. Additional authorities cited by counsel for plaintiff do not help the situation. The facts clearly show that there was a discussion between the parties as to the terms of the new lease, which was to be reduced to writing and which was reduced to writing, and that this instrument was presented to the defendant for signature. Until this instrument was signed and executed, it was without any force and effect. There was nothing done by the defendant which would indicate an acceptance of its terms but on the other hand, as already stated, there was a direct repudiation by delivering up possession.

For the reasons stated in this opinion the judgment of the municipal court is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

HEBEL, P. J., and FRIEND, J., concur.