Morse-Hubbard Company, Appellant, v. Michigan Central Railroad Company and New York Central Railroad Company, Appellees.

Gen. No. 38,800.

Opinion filed June 29, 1936. Rehearing denied and opinion modified July 10, 1936.

LAWRENCE E. FLEISCHMAN, of Chicago, for appellant.

SIDNEY C. MURRAY, FREDERICK W. FLOTT and JOHN B. KNEIPPLE, all of Chicago, for appellees.

MR. PRESIDING JUSTICE MATCHETT deilvered the opinion of the court.

Plaintiff appeals from a judgment in favor of defendants entered upon the finding of the court and asks that the same be reversed, with finding of fact and judgment in its favor and against defendants here. The facts stipulated, so far as material, are as follows:

On September 14, 1933, plaintiff, a corporation, doing business in Minneapolis, Minnesota, shipped two carloads of potatoes from Minneapolis to Detroit, Michigan, over the lines of the Michigan Central Railroad Co. The two cars were respectively defendants' Nos. NP 90697 and NP 92852. Each of the cars contained 300 sacks of potatoes. The shipments were consigned to the order of plaintiff and were made on uniform order bills of lading. See U. S. Code Anno., title 49, ch. 4; Bills of Lading Act, secs. 88, 89, pp. 393–403. The original bill of lading for car NP 90697 is

attached to the stipulation, and a photostatic copy of the bill of lading for car NP 92852 is also attached. Each bill of lading directed that the Baker Produce Co. of Detroit should be notified. On the following day, September 15th, plaintiff indorsed these bills of lading and delivered same to the First National Bank & Trust Co. of Minneapolis. Plaintiff also drew two drafts for the sum of $423 each upon the Baker Produce Co. and delivered these also to the Minneapolis bank, which then credited the drafts to plaintiff's account.

The Minneapolis bank forwarded the drafts, with bills of lading attached, to the National Bank of Detroit, with instructions to deliver the bills of lading upon payment of the drafts. When the cars arrived in Detroit the New York Central Railroad Co., lessee of the Michigan Central Railroad Co., notified the Baker Produce Co. as required by the bills of lading. The Produce Co. requested the Detroit National Bank to send the bills of lading and the drafts to the Detroit Savings Bank for collection, and the National bank sent the drafts and bills of lading as requested. Plaintiff thereafter authorized the reduction of $45 on account of car NP 92852, and Baker Produce Co. paid $378 to the Detroit Savings Bank, purchasing from the Savings Bank a draft for that amount which it remitted to the Minneapolis bank. The Produce Co. also obtained from the Detroit Savings Bank the original order bill of lading for car NP 90697.

On September 22, 1933, the New York Central Railroad Co. delivered car NP 92852 to the Baker Produce Co. upon production of the paid draft without requiring the surrender of the original order bill of lading. On the same day the railroad company delivered to the Produce Co. car NP 90697 upon the surrender of the original order bill of lading. The draft drawn by plaintiff for $423 on account of car NP 90697 was not honored by the Produce Co., and October 18, 1933,

the amount thereof was recharged by the Minneapolis bank to plaintiff. Plaintiff claims it is entitled to recover from defendant the sum of $423 with interest at five per cent from September 22, 1933.

It is not controverted that under the United States statute above cited a common carrier, who has issued an order bill of lading is liable to the holder of such bill for loss, which may be sustained as a result of its delivery of the goods represented by the bill of lading to any person without the production of the order bill of lading. This is the law clearly stated in *Pere Marquette Ry. Co. v. French & Co.,* 254 U. S. 538, 41 Sup. Ct. 195, 65 L. Ed. 391, a case on which both of the parties to this controversy rely. The construction put upon the statute by the United States courts is controlling, and the courts of the various States are bound to follow this construction. The Supreme Court of Illinois has announced the same rule in *Babbitt v. Grand Trunk Western Ry. Co.,* 285 Ill. 267, and no court, so far as we are aware, has held to the contrary.

Defendants in this case, however, present a defense somewhat ingenious. They say, in substance, that it is undisputed that plaintiff has sustained loss on the whole transaction, as set out in the stipulation of facts, but that plaintiff did not sustain loss on both cars involved and was therefore obligated to specify which one of the cars had not been paid for; that plaintiff's amended statement of claim bases its action on alleged damage or loss to car NP 92852; but, say defendants, plaintiff's action as to that car must fail because the facts stipulated show that plaintiff received full payment for that car. It is true, defendants say, that Baker Produce Co. should have been given the bill of lading for car NP 92852, the car that was paid for, and not the bill of lading for car NP 96097, but this circumstance, it is said, did not arise from any act or

omission of the carriers, and whether the Baker Produce Co. obtained the bill of lading surreptitiously, or by mistake of plaintiff's agent, the bank, is not shown, nor is it any concern of defendants since there was no loss upon that car. Defendants cite many authorities to the proposition that mere failure on the part of the carrier to require production and surrender of an order bill of lading does not render the carrier liable for value of the shipment unless the lawful holder thereby sustained a loss and unless it is shown that such failure on the part of the carrier was the direct cause of the shipper's loss. *Pere Marquette Ry. Co. v. French & Co.*, 254 U. S. 538, already referred to, and other cases, so hold.

Plaintiff replies that defendants' argument is based upon a misconstruction of the nature and character of the action; that it is not a suit to recover the value of a specific carload of potatoes, but an action for loss and damage occasioned by the negligent conduct of defendant carrier. Plaintiff says that defendants shift from an admission of loss and damage and denial of liability to an admission of liability and a denial of loss and damage, contending on the one hand that the loss was not occasioned by defendants' negligence, and on the other, denying that plaintiff has suffered any loss. Plaintiff says that the payment of a draft attached to an invoice is not payment for specific merchandise but only has the effect of transferring the right to the one making payment to obtain the bill of lading; that if the kind or value of the merchandise set forth in the bill of lading differed from that of the invoice to which the draft was attached, the carrier could deliver only what the bill of lading called for; that when the Baker Produce Co. paid the bank a certain amount of money, as shown by the paid draft and obtained from the bank the bill of lading for car NP 90697, it received exactly what it paid for, namely,

the bill of lading for car NP 90697. Having received the bill of lading for which it paid, the Produce Co. was therefore not entitled to any other bill of lading, or any other potatoes, and that therefore when the Produce Co. presented to the carrier the paid draft as basis for a claim for another carload of potatoes, namely, car NP 92852, without presentation and surrender of the bill of lading for that car the defendant carrier had no right to turn over to the Produce Co. this carload of potatoes, and that when the carrier did so without the production and surrender of the bill of lading and without demanding indemnity as provided for in the rules of the Interstate Commerce Commission, the carrier became the direct cause of the loss of the shipper. Plaintiff points out that if some innocent holder other than the shipper had possession of the bill of lading and made a demand upon the carrier for the potatoes, the carrier would be required to deliver to such holder upon demand and would have no defense as against a claim made by such holder; that the physical possession of the order bill of lading entitles the holder to the merchandise and that plaintiff herein, who now holds and has in his possession this bill of lading, stands in the same position as an innocent holder thereof.

Defendants admit plaintiff has suffered a loss, but defendants say that this loss did not occur by reason of any act or omission of duty on their part. The rules of the Interstate Commerce Commission, which are made a part of the stipulation, place upon the carrier the duty to obtain the production and surrender of the bill of lading before the delivery of the goods. These rules also provide what the carrier shall do when a bill of lading of this kind is not produced or surrendered. The provision in such case is that the carrier shall take an indemnity bond to the amount of 125 per cent of the value of the goods for its own protection and for the protection of the shipper. Defendants neglected to do this.

Defendants argue a variance under the pleadings, but this action was of the fourth class in the municipal court, and in such cases in that court, the form, or kind of action, is determined by the proof. *Edgerton v. Chicago, R. I. & P. Ry. Co.,* 240 Ill. 311; *Bruner v. Grand Trunk Western Ry. Co.,* 319 Ill. 421.

While there were two carloads of potatoes, the transaction was, in essence, one, and defendant carriers may not escape liability by splitting the one transaction into two and presenting special pleas as to particular parts. Plaintiff's statement of claim is not based upon a part of the transaction as to one particular car, but rather upon defendants' neglect of duty with reference to the whole transaction, which was intrusted to them. We hold the defendants liable on the facts as stipulated.

The judgment of the trial court is reversed and judgment entered in favor of plaintiff, Morse-Hubbard Co., a corporation, and against Michigan Central Railroad Co., a corporation, and New York Central Railroad Co., a corporation, for $423, with interest at 5 per cent from September 22, 1933, amounting to $58.57 and making a total sum of $481.57.

*Reversed and judgment entered here.*

O'CONNOR and McSURELY, JJ., concur.